ROBERT F. ADAMS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed June 27, 1916.

1. Defendants in criminal cases applying for continuances on the ground of the absence of witnesses must in all cases show diligence in procuring the attendance of such witnesses, but where a second or any subsequent application for continuance

is made on the ground of the continued absence of the same witness, extraordinary diligence must be shown to have been exercised in procuring the evidence, else it is not error to refuse the application.

2. Motions for a continuance are in the discretion of the trial court, and the action of that court on them will not be reversed unless there has been a palpable abuse of that discretion to the disadvantage of the accused, or whereby his rights may have been jeopardized.

3. Defects in indictments and informations should be called to the attention of the trial court by a motion to quash or a demurrer, so that the defects, if any, may be corrected by the filing of another indictment or information. Neither the common law nor our statutes favor the policy of the defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unraveling the whole proceedings.

4. While the sufficiency of the allegations in an indictment to charge the offense may be tested by a motion in arrest of judgment, yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of that fact. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allegation of unnecessary matter not concerning the substance of the charge, would not be ground for arresting the judgment.

5. Where an indictment does not wholly fail to allege a crime or an essential element of a crime and sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction.

6. An assignment based upon the overruling of the motion for a new trial, which questions the sufficiency of the evidence to support the verdict, cannot be considered by an appellate court when the evidence is not brought before such court by the bill of exceptions.

Writ of Error to Circuit Court, Lafayette County; M. F. Horne, Judge.

Judgment affirmed.

*W. P. Chavous,* for Plaintiff in Error;

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

PER CURIAM.—Robert F. Adams seeks relief here from a conviction of the crime of perjury. Three errors are assigned, all of which are so lightly argued we would be justified in treating as abandoned.

The first assignment is based upon the denial of the defendant's motion for a continuance, the grounds of which are the absence of two material witnesses of the defendant. A motion for continuance on the ground of the absence of one of these witnesses had been granted at the preceding term of court. As we held in Melbourne v. State, 51 Fla. 69, 40 South. Rep. 189, "defendants in criminal cases applying for continuances on the ground of the absence of witnesses must in all cases show diligence in procuring the attendance of such witnesses, but where a second or any subsequent application for continuance is made on the ground of the continued absence of the same witness, extraordinary diligence must be shown to have been exercised in procuring the evidence, else it is not error to refuse the application." Suffice it to say that no

such diligence upon the part of the defendant is shown. We have also repeatedly held that motions for a continuance are in the discretion of the trial court, and the action of that court on them will not be reversed unless there has been a palpable abuse of that discretion to the disadvantage of the accused, or whereby his rights may have been jeopardized. See Moore v. State, 59 Fla. 23, 52 South. Rep. 971, and McRae v. State, 62 Fla. 74, 57 South. Rep. 348.

The second assignment is based upon the overruling of the defendant's motion in arrest of judgment, which questions the sufficiency of the indictment. As we held in Barineau v. State, decided here at the last term, "defects in indictments and informations should be called to the attention of the trial court by a motion to quash or a demurrer, so that the defects, if any, may be corrected by the filing of another indictment or information. Neither the common law nor our statutes favor the policy of the defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unraveling the whole proceedings.

"While the sufficiency of the allegations in an indictment to charge the offense may be tested by a motion in arrest of judgment, yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of that fact. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allegation of unnecessary matter not concerning the substance of the charge, would not be ground for arresting the judgment.

"Where an indictment does not wholly fail to allege a crime or an essential element of a crime and sufficiently

states the nature and cause of the accusation against the defendant, and is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction."

These two assignments have not been sustained.

The third assignment is based upon the overruling of the motion for a new trial, which questions the sufficiency of the evidence to support the verdict, but as the evidence is not incorporated in the bill of exceptions, we cannot consider this assignment.

The judgment must be affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.