LOUIS ROGERS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed January 18, 1917.

1. An allegation in an indictment that the accused with a knife "did strike, cut, stab and wound, giving to L., then and there with the knife aforesaid and upon the body of the said L., one mortal wound," considered alone or with other allegations, is not a charge that the accused wounded himself but that he wounded L.

2. Where it is alleged in an indictment for murder in the first degree filed May 20, 1916, that a mortal wound was inflicted on March 10, 1916, and that "of which mortal wound the said" decedent "died," and the trial and conviction is had in July, 1916, and a motion in arrest of judgment is made and denied in October, 1916, a contention in such motion in arrest that the indictment is fatally defective because it does not allege the date of the decedent's death, is untenable.

Writ of Error to Circuit Court of Duval County; George Couper Gibbs, Judge.

Judgment affirmed.

*A. Otto Kanner* and *E. J. Smith, Jr.,* for Plaintiff in Error;

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

PER CURIAM.—On May 20, 1916, Louis Rogers was indicted for murder in the first degree. In the indictment it is charged "that the said Louis Rogers, with a certain knife which he the said Louis Rogers then and there held in his hand, feloniously, wilfully and of his malice afore-

thought and from a premeditated design to effect the death of the said Estell Little, the said Louis Rogers with the knife aforesaid, did strike, cut, stab and wound, giving to the said Estell Little then and there with the knife aforesaid, in and upon the body of the said Estell Little one mortal wound * * * of which mortal wound, the said Estell Little died." A verdict of murder in the second degree was rendered July 5, 1916. On October 6, 1916, a motion in arrest of judgment was made upon grounds, among others, that the indictment is fatally defective in that it does not allege that the defendant wounded the deceased and does show that the defendant wounded himself; (2) that it is not alleged when or where the decedent died. The motion in arrest of judgment was denied. On writ of error the only contentions are that the indictment is fatally defective in that it charges that the defendant wounded himself and not the deceased, and does not allege that the decedent died within a year and a day after the infliction of the mortal wound.                        ,

The words "the said Louis Rogers with the knife aforesaid did strike, cut, stab and wound, giving to the said Estell Little then and there with the knife aforesaid and upon the body of the said Estelle Little one mortal wound," considered alone or with the other allegations, allege not that Louis Rogers wounded himself, but that he wounded Estell Little. See Ruth Smith v. State, 72 Fla. 449, 73 South. Rep. 354.

Where it is alleged in an indictment for murder in the first degree filed May 20, 1916, that a mortal wound was inflicted on March 10, 1916, and that "of which mortal wound the said" decedent "died," and the trial and conviction is had in July, 1916, and a motion in arrest of judgment is made and denied in October, 1916, a contention in such motion in arrest that the indictment is fa-

tally defective because it does not allege the date of the decedent's death, is untenable. Ruth Smith v. State, 72 Fla. 449, 73 South. Rep. 354.

Judgment affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.