FRANK JONES, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed April 9, 1918.

1. An indictment charging the defendant with murder was returned on the 24th day of July, 1917, and he was tried and

convicted on said charge on the 28th day of the same month. It was alleged in the indictment that the mortal wounds were inflicted on the 19th day of May, 1917, from the effects of which the deceased "did on the 22nd day of *April*, A. D. 1917 * * * die." *Held*, that the allegation of the date of the death of the deceased is obviously error and will therefore not render the indictment fatally defective upon motion in arrest of judgment.

2. Defects in an indictment or information should be called to the attention of the trial court by a motion to quash or a demurrer so that the defects, if any, may be corrected by the filing of another indictment or information and the policy of waiting until the last stage of the cause and attacking such indictment or information by a motion in arrest of judgment is favored neither at common law nor by our statutes.

3. An error in an allegation, not essential to the validity of the indictment and which may be entirely eliminated, that is called to the attention of the defendant before the taking of testimony in the trial of the case is begun, and it is not made to appear that the defendant was misled or was injured because of such defect, will not be held to render the indictment fatally defective upon a motion in arrest of judgment entered upon such indictment.

4. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allegation of unnecessary matter not concerning the substance of the charge, is not ground for arresting the judgment.

Writ of Error to Circuit Court for Hamilton County, C. L. Wilson, Judge.

Judgment affirmed.

*Stephens & Harrell* and *I. J. McCall*, for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WEST, J.—On the 24th day of July, 1917, the plaintiff in error was indicted in the Circuit Court of Hamilton County for murder in the first degree. The indictment omitting formal parts is as follows:

"The Grand Jurors of the State of Florida, duly chosen, empanelled and sworn diligently to inquire and true presentment make in and for the body of the county of Hamilton, upon their oath present that Frank Jones, late of said county, on the 19th day of May, A. D. 1917, in the county and State aforesaid, with force and arms, and with a deadly weapon, to-wit, a wooden stick or club about five feet long and about three inches thick and weighing about five pounds and which he the said Frank Jones then and there had and held in his hands, in and upon one Bill Pearce unlawfully, of and from a premeditated design to effect the death of the said Bill Pearce did make an assault and the said Frank Jones did then and there unlawfully of and from a premeditated design to effect the death of the said Bill Pearce strike and beat the said Bill Pearce with the wooden stick or club aforesaid, then and there and thereby inflicting in and upon the head and neck of the said Bill Pearce two mortal contusions, bruises, fractures and wounds, of and from which said mortal contusions, bruises, fractures and wounds, the Bill Pearce did languish, and, languishing did on the 22nd day of *April,* A. D. 1917, in the county and State aforesaid, die.

"Wherefore, the Grand Jurors aforesaid, do say and present that the said Frank Jones did then and there in manner and form aforesaid commit the crime of murder in the first degree."

No motion to quash was made and on the 25th day of July, 1917 he was arraigned in open court and entered a plea of not guilty to the indictment. On the 28th day of July, 1917, upon trial he was convicted of murder in the second degree and sentenced by the court to confinement at hard labor in the State prison for the period of his natural life.

After the sentence had been pronounced a motion in arrest of the judgment entered was made upon the ground that "the said indictment shows the said defendant to have died April 22nd, 1917, and that the said mortal wounds from which it is alleged caused his death, were inflicted May the 19th, 1917."

Errors are assigned upon the order overruling this motion and upon the order overruling the motion for a new trial, but the assignment upon the latter order is not argued, and is therefore abandoned.

So that, the single question presented for this court's consideration is: Does the allegation in the indictment that the deceased "did on the 22nd day of April, A. D. 1917, * * * die," when it is also alleged in the indictment that the mortal wound was inflicted "on the 19th day of May, A.. D. 1917," render the indictment fatally defective?

From the record in the case it appears that this error in the allegation of the date of the death of the deceased was discovered by the State Attorney prosecuting for the State after the trial jury had been selected, whereupon he made a motion to discharge the jury and declare a mistrial, that this motion was resisted by the defendant and was thereupon withdrawn.

In the case of Rogers v. State, 73 Fla. 42, 74 South. Rep. 15, it was held "Where it is alleged in an indictment for murder in the first degree filed May 20, 1916,

that a mortal wound was inflicted on March 10, 1916, and that 'of which mortal wound the said' decedent 'died,' and the trial and conviction is had in July, 1916, and a motion in arrest of judgment is made and denied in October, 1916, a contention in such motion in arrest that the indict·ent is fatally defective because it does not allege the date of the decedent's death, is untenable."

In the case of Smith v. State, 72 Fla. 449, 72 South. Rep. 354, the defendant upon a charge of murder in the first degree was convicted of manslaughter. Upon a motion in arrest of judgment it was urged that the indictment was defective because it did not allege when the deceased died, so as to show that the death occurred within a year and a day after the infliction of the mortal wound. The court held "that failure to allege that the death took place within a year and a day can not be taken advantage of on a motion in arrest of judgment after conviction, the defendant having failed to attack the indictment by a motion to quash or demurrer."

This court has frequently said that defects in an indictment or information should be called to the attention of the trial court by a motion to quash or a demurrer so that the defects, if any, may be corrected by the filing of another indictment or information and that the policy of waiting until the last stage of the cause and attacking such indictment or information by a motion in arrest of judgment is favored neither at common law nor by our statutes. Barineau v. State, 71 Fla. 598, 72 South. Rep. 179; Smith v. State, *supra*.

In this case the mortal wound was alleged to have been inflicted on the 19th day of May, A. D. 1917, the indictment was returned and filed on the 24th day of July, A. D. 1917, and the defendant was tried and convicted on the 28th day of July, A. D. 1917. The allega-

tion in the indictment that the deceased "did on the 22nd day of April, A. D. 1917" die, is patently an error. The defendant however not only did not call this error to the attention of the trial court by a motion to quash or by demurrer to the indictment, but he entered a plea of not guilty to it and afterwards resisted a motion of the State Attorney for a mistrial made for the obvious purpose of correcting the error by resubmitting the case to the grand jury and correcting the error by filing a new indictment.

We have seen that a contention, by motion in arrest of judgment, that an indictment for murder is fatally defective because it does not allege the date of the death of the deceased is untenable. It would seem to follow necessarily that if an indictment which contains no allegation of this fact may be upheld, upon a motion in arrest of judgment, that one which contains an allegation of a patently erroneous date as the date of the death of the deceased, and it is not made to appear that the defendant was injured thereby, should also be upheld upon a motion in arrest of judgment. In other words an error in an allegation, not essential to the validity of the indictment and which may be entirely eliminated, that is called to the attention of the defendant before the taking of testimony in the trial of the case is begun, and it is not made to appear that the defendant was misled or was injured because of such defect, will not be held to render the indictment fatally defective upon a motion in arrest of the judgment entered upon such indictment. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allegation of unnecessary matter not concerning the substance of the charge, is not ground for arresting the judgment. Sumter v. State, 62 Fla. 98, 57 South. Rep.

202; Barineau v. State, *supra;* Smith v. State, *supra;* Rogers v. State, *supra.*

There was no error in denying the motion in arrest of judgment and the judgment will be affirmed.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.