DONOVAN STUDSTILL AND JOHN LEE STUDSTILL, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed May 19,1922.

1.  A motion to strike evidence is properly overruled when it includes legal and relevant testimony.

2.  A motion to strike testimony must not be too broad. Where part of the testimony so sought to be stricken is clearly proper, the motion may for that reason be denied.

3.  A motion in arrest of judgment reaches only such errors as appear upon the record and when addressed to the indictment or information is effective only when they wholly fail to charge any offense or their allegations are so vague and uncertain as to embarrass the defendant in the preparation of his defense or expose him after acquittal or conviction to substantial danger of another prosecution for the same offense.

4.  A judgment of conviction will not be reversed by an appellate court although there may be conflicts in the evidence, where there is evidence in the record legally sufficient to support the verdict and nothing to indicate that the jury were influenced by considerations outside the evidence.

A Writ of Error to the Circuit Court for Madison County; M. F. Horne, Judge.

Affirmed.

*E. Dixie Beggs*, for Plaintiffs in Error.

*Rivers H. Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

WEST, J.—Plaintiffs in error, Donovan Studstill and John Lee Studstill, with Roy Futch were charged in an indictment returned by a grand jury of Madison County with the crime of wilfully and maliciously cutting a fence belonging to or enclosing land not their own, as denounced by Section 5264, Revised General Statutes of Florida. Upon a trial verdict was returned finding plaintiffs in error guilty as charged and the other defendant not guilty. To the judgment imposing sentence writ of error was taken from this court.

The indictment, omitting formal parts, is as follows:

"The Grand Jurors of the State of Florida, duly chosen, empannelled and sworn diligently to inquire and true presentment make in and for the body of the County of Madison, upon their oath present that, Donovan Studstill, and John Lee Studstill, late of said County, on the 19th day of January, A. D. 1921, in the County and State aforesaid; did wilfully and maliciously injure and cut a fence belonging to land not their own or of either of them. And that Roy Futch, late of said County of Madison, on the day and year aforesaid, in the County aforesaid, feloniously was present aiding, abetting and assisting the said Donovan Studstill and John Lee Studstill the felony aforesaid to do

and commit, against the peace of the State of Florida, and contrary to the statute in such cases made and provided for.''

The first two assignments of error question rulings of the trial court refusing, upon motion, to strike the testimony of two witnesses in behalf of the State. Each of these witnesses had testified to practically the same thing, the substance of which was that they saw the two defendants who were convicted cutting the fence with which they were charged with having cut.

The contention seems to be that the statute defines two distinct crimes, one the cutting of ''any fence,'' the other the cutting of ''any part thereof''; that the indictment charges the cutting of ''a fence'' but the proof shows the cutting of only ''a part of a fence,'' wherefore it is said there is a variance between the allegation and the proof. The evidence which defendants sought to have stricken was to the effect that the defendants cut the fence, which was of wire, with pliers in a number of places, making distinct openings for passing through.

There was no error in these rulings. Even if it should be conceded that the construction contended for is proper, the motion should have been overruled. In each instance, after direct examination of the witness was completed motion was made to strike the whole of the testimony given. Most, if not all, of such testimony was pertinent and material. It at least tended to prove the charge contained in the indictment and should not, therefore, have been stricken. Presly v. State, 61 Fla. 46, 54 South. Rep. 367; Sims v. State, 59 Fla. 38, 52 South. Rep. 198; Putnal v. State, 56 Fla. 86, 47 South. Rep. 864; Thompson v. State, 52 Fla. 113, 41 South. Rep. 899; Freeman v. State, 50 Fla. 38, 39 South. Rep. 785.

By motion in arrest of judgment the sufficiency of the indictment is challenged. The ruling denying this motion is assigned as error and upon this assignment the contention is made that the indictment charges no offense against the laws of this State. It may be admitted that the indictment is somewhat inartificially drawn, but it charges the offense alleged substantially in the language of the statute prohibiting it and prescribing the punishment. It is not so vague and indefinite as to mislead the defendants or embarrass them in the preparation of their defense, or to expose them after conviction to a new prosecution for the same offense. This, under the statutes, is, upon a motion in arrest of judgment, sufficient,. Secs. 6063, 6064, Rev. Gen. Stat. of Fla.; Ward v. State, 83 Fla. 311, 91 South. Rep. 189; Clifton v. State, 76 Fla. 244, 79 South. Rep. 707; Jones v. State, 75 Fla. 533, 78 South. Rep. 529; Adams v. State, 72 Fla. 32, 72 South. Rep. 473; Smith v. State, 72 Fla. 449, 73 South. Rep. 354; Barineau v. State, 71 Fla. 598, 72 South. Rep. 179; Gray v. State, 58 Fla. 54, 50 South. Rep. 538; Barber v. State, 52 Fla. 5, 42 South. Rep. 86.

During the progress of the trial a deed to certain lands situated in Madison was offered in evidence on behalf of the State. It was objected to upon the grounds that it was merely a quitclaim deed, and that the discription was not connected with the land on which the fence alleged to have been cut was located. It was admitted subject to motion to strike. Later a motion to strike was made upon the grounds of the objection to its admission and upon the additional ground that it was postive proof tending to prove a negative allegation in the indictment. This motion was denied and exception noted. There was no error in this ruling. The fact that it is a quitclaim deed is imma-

terial. It is sufficiently connected by other evidence with the fence alleged to have been cut and tended to prove that the fence cut was located upon land not belonging to defendants.

The rulings of the court denying defendants' application for new trial is assigned as error. Among the grounds of this motion is one that the verdict is not supported by the evidence. There is sharp conflict in the evidence. Witnesses for the State testified that the defendants cut the fence as alleged in the indictment. Defendants denied it and offered other evidence tending to corroborate them. The evidence offered by the state is sufficient to prove the crime charged. The jury believed this evidence and settled the conflict in favor of the state. There is nothing in the record to indicate that the jury were influenced by anything outside the testimony. In this situation the rule is that judgment of conviction will not be reversed by an appellate court, although there may be conflicts in the evidence, where there is evidence in the record legally sufficient to support the verdict and nothing to indicate that the jury were influenced .by considerations outside the evidence Moore v. State, 83 Fla. 270, 91 South. Rep. 180; Collingsworth v. State, 82 Fla. 291, 89 South. Rep. 802; Kirkland v. State, 82 Fla. 118, 89 South. Rep. 356; Hamlin v. State, 80 Fla. 217, 85 South. Rep. 685; Brown v. State, 79 Fla. 523, 84 South. Rep. 384; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Messer v. State, 75 Fla. 619, 78 South. Rep. 680; McCoy v. State, 75 Fla. 294. 78 South. Rep. 168.

What we have said disposes of the case. Other questions relative to the admission or exclusion of evidence do not require consideration.

No harmful error is made to appear in any of such rulings.

The Judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur