W. A. SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA,
*Defendant in Error.*

Division A.

Opinion Filed November 1, 1926.

SYLLABUS.

1. An indictment which, omitting the formal portions. charged
that the accused, on a certain date, "then and there being,
with a certain deadly weapon, to-wit: a knife which he the
said W. A. Smith then and there had and held in and upon
one McCuie Arnold, he the said W. A. Smith with a premedi-
tated design and intent him the said McCuie Arnold then
and there unlawfully and feloniously to kill and murder,
then and there an assault did make, and him the said Mc-
Cuie Arnold did then and there beat, bruise, cut, stab, wound
and ill treat, contrary to the form of the Statute in such case
made and provided," etc.    *Held*—sufficient when attacked
by motion in arrest of judgment.

A Writ of Error to the Circuit Court for Holmes Coun-
ty; D. J. Jones, Judge.

Judgment affirmed.

*W. T. Bludworth,* for Plaintiff in Error.

*J. B. Johnson,* Attorney General, and *Roy Campbell,*
Assistant, for the State.

BROWN, C. J.—Omitting the formal portions, the indict-
ment in this case charged that the plaintiff in error on a
certain date, ''then and there being, with a certain deadly
weapon, to-wit: a knife which he the said W. A. Smith
then and there had and held in and upon one McCuie

Arnold, he the said W. A. Smith with a premeditated design and intent him the said McCuie Arnold then and there unlawfully and feloniously to kill and murder, then and there an assault did make, and him the said McCuie Arnold did then and there beat, bruise, cut, stab, wound and ill treat, contrary to the form of the Statute in such case made and provided," etc.

The error complained of is the overruling of the defendant's motion in arrest of judgment, which motion attacked the sufficiency of the indictment. The plaintiff in error went to trial without making any motion to quash the indictment upon the grounds set up in the motion in arrest. It is now urged that the indictment does not allege upon whom the assault was made. It is true that after words "then and there an assault did make," the name of the assaulted party does not appear, but what immediately follows makes it sufficiently clear that the assault was made upon McCuie Arnold. The implication is so strong that the defendant could not possibly have been misled or embarrassed in the preparation of his defense. Under the rule laid down in Studstill v. The State, 83 Fla. 623, 92 So. 151, and a long line of cases preceding and following this case, the court below was without error in overruling the motion in arrest of judgment.

Affirmed.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.