The indictment in this case charged "that Ed Williamson on the 1st day of April, in the Year of our Lord, One Thousand, Nine Hundred and Twenty-five, at and in the County of Walton, State of Florida, then and there being with a certain Ford Touring Car, which Ford Touring Car, he the said Ed Williamson then and there steered, operated and drove, in, upon and against one Ed McWilliams, from and with a premeditated design and intent him, the said Ed McWilliams, then and there to *Page 982 
unlawfully kill and murder, then and there, unlawfully an assault did make and him, the said Ed McWilliams, did then and there beat, bruise, wound and ill-treat; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."
Upon this indictment the defendant was tried and found guilty of aggravated assault. From the judgment of conviction writ of error was taken.
The assignments of error are based upon the denial of defendant's motion for arrest of judgment and for a new trial, and the alleged error of the court in permitting the witness Wooten to testify to matters not in rebuttal.
The motion in arrest of judgment was grounded upon the proposition that an aggravated assault can be committed only with a deadly weapon and that the instrumentality with which the indictment charges that the offense was committed was not a weapon, but that the evidence did not show that the car alleged to have been used in the commission of the offense was used as a weapon. The same question was raised by the motion for new trial, one of the grounds of which was that the court erred in charging the jury that the defendant could be convicted of an aggravated assault under the evidence in the case.
It is contended by plaintiff in error that an automobile, not having been designed as a deadly weapon, cannot become such in contemplation of Sec. 5061 of the Rev. Gen. Stats. Webster's New International Dictionary defines the word "weapon" as follows: "An instrument of offensive or defensive combat; something to fight with; anything used or designed to be used in destroying, defeating, or injuring an enemy, as a gun, a sword, a shield, etc." (Italics ours.) As an automobile is athing which may be used in destroying or injuring an enemy, it would come within *Page 983 
the dictionary definition of a weapon, although it was not designed or constructed for that purpose.
In the case of Blige v. The State, 20 Fla. 742, this court held that a weapon may be a deadly weapon, although not specially designated for offensive or defensive purposes or for the destruction of life or the infliction of injury. The alleged weapon in that case was a scale weight. In the opinion in that case, a number of cases are reviewed, and it was stated that it will be seen from such cases that a stone, an axe, or a chair may be considered dangerous or deadly weapons, depending entirely upon the proof of the mode and manner of their use. In Pittman v. The State, 25 Fla. 648, 6 So. 437, this court defined a deadly weapon as one which is likely to produce death. Bishop on Statutory Crime, 3rd Ed., Sec. 320, defines a deadly weapon as, "A weapon likely to produce death or great bodily injury. In case of doubt, the manner in which it was used may be taken into account in determining whether or not it was deadly. And when the facts are all established, the question whether a particular weapon was deadly or not is of law for the court; yet practically, as in most instances the establishment of the facts awaits the rendition of the verdict, the jury must pass upon this question under instructions from the court." The Supreme Court of North Carolina in State v. Sinclair, 120 N.C. 603, 27 S.E. 77, holds: "A deadly weapon is one that must kill or that may kill, but is one which would likely produce death or great bodily harm, used by the defendant in the manner in which it was used." And the same court, in State v. Archbell, 139 N.C. 537, 51 S.E. 801, says: "A deadly weapon is not one that must or may kill. It is an instrument which is likely to produce death or great bodily harm under the circumstances of its use. The deadly character of the weapon depends sometimes more upon the manner of its use and the condition of the person assaulted than upon the intrinsic *Page 984 
character of the weapon itself. An instrument which might be harmless when used upon a strong man, may become deadly when used upon a very frail and delicate woman." In that case, it was claimed that the assault was made by the defendant upon his wife by severely beating her with a large leather strap, being a part of a buggy trace, about two and a half feet long. It was held that the court did not err in submitting to the jury the question as to whether or not this portion of a buggy trace was a deadly weapon.
A large stick may constitute a deadly weapon. Lindsay v. The State, 67 Fla. 111, 64 So. 501. This court, in a civil case, held that a motor vehicle, operated upon the public highways, is a dangerous instrumentality, and that the owner who entrusts it to another to operate is liable for injury caused to others by the negligence of the person to whom it is entrusted. So. Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629. In the case of People v. Clink, 216 Ill. App. 357, it was said: "It is contended that an automobile is not a deadly weapon within the meaning of the Statute on Assault, Sec. 25, Ch. 38 (J. A. Paragraph 3507). It is probably true that very nearly all of the reported cases involving a deadly weapon relate to an instrument that was lifted by the hand in making the assault, most frequently something in the nature of a bludgeon. There is no sound reason why the deadly nature of the instrument should be determined solely with reference to its use while lifted in the hands; any instrument which through human control is the means of inflicting a blow may be a deadly weapon. It is any instrument so used as to be likely to produce death or great bodily harm. (Bouvier's Law Dictionary; McNary v. People, 32 Ill. App.? 58) In Acres v. United States, 165 U.S. 388, it was held that 'anything, no matter what it is * * * whether it was made by him for some other purpose, * * * if it is a *Page 985 
thing with which death can be easily and readily produced. the law recognizes it as a deadly weapon.' This definition includes an automobile when used in a manner likely to produce death or great bodily harm." This case was followed in the case of People v. Anderson, 229 Ill. App. 315. See also 5 C. J. 737; Berry on Automobiles, 4th Ed., Sec. 1755; Clark v. The State, (Tex.) 140 S.W. 779; People v. Rodrigo, (Cal.) 11 P. 481.
We conclude, therefore, that an automobile may be so used as to constitute a deadly weapon within the meaning of Section 5061 of the Rev. Gen. Stats., and that it was competent for the jury, under the evidence in this case, to determine whether the plaintiff in error was at the time of the offense charged so using his automobile as to constitute the same as a deadly weapon within the meaning of the law.
It is true there is no allegation in the indictment designating the automobile referred to therein as a deadly weapon, but it did describe the instrumentality and the manner of its use in the making of the unlawful assault. If there was any error in the omission of a direct allegation to the effect that the automobile constituted a deadly weapon, it was not sufficiently serious to mislead the accused or embarrass him in the preparation of his defense, and the motion in arrest of judgment was properly denied. Upon motions in arrest, indictments thus attacked will receive a liberal construction. And as in this case the indictment sufficiently describes the instrumentality used and the manner of its use to show that the same constituted a deadly weapon, in the light of common knowledge as to the character of the instrumentality described, and its capability of being so used as to produce death or great bodily injury, the indictment was properly held sufficient as against an attack by motion in arrest of judgment. Studstill v. the *Page 986 
State, 83 Fla. 623, 92 So. 151; Fountain v. The State,109 So. 463, and cases cited.
When the State was making out its case, the witness Wooten was used and testified that he had investigated the scene of the alleged assault, had observed the location of the automobile tracks, and described such location. After the State had closed its case and the defendant had introduced his evidence, the court permitted the State to recall this witness and he was allowed to testify, over the objection of the defendant, that the marks made by the front wheels of the car were the marks of Michelin tires and those of the rear wheels Goodyear tires; that he was familiar with the tread of such tires and was able to identify the marks made by them. He further testified that the defendant had permitted him to look at his car and that he saw that it was equipped with tires of that character on the front and rear wheels respectively. This was not in rebuttal of anything brought out by the defendant. It should have been produced by the State when making out its main case. However, the rules of practice governing the order in which testimony should be introduced are permitted to be relaxed by the Court, in the exercise of a sound judicial discretion, in the furtherance of justice, under the law, and are not to be applied with such unbending rigor as to produce injustice. No doubt, if the defendant had requested it, the court would have given the defendant an opportunity to call witnesses to rebut this testimony, but it appears that no such application was made to the court. "The proper rule for the exercise of this discretion," it has been said by an eminent author, "is, that material testimony should not be excluded because offered by the plaintiff after the defendant has rested, although not in rebuttal, unless it has been kept back by a trick, and for the purpose of deceiving the defendant and affecting his case injuriously." *Page 987 
Thompson on Trials, sec. 346. The exercise of this discretion on the part of the court is not assignable as error except in case of manifest abuse, and we cannot say, from an examination of this record, that the court abused its discretion in admitting this testimony. J. T. K. W. Ry. Co. v. Peninsular Land, Etc., Co., 27 Fla. 1, 9 So. 661; J. T. K. W. Ry. Co. v. Wellman, 26 Fla. 344, 7 So. 845; Thomas v. The State, 47 Fla. 99, 36 So. 161, and cases cited Hughes v. State, 61 Fla. 32,55 So. 463; 38 Cyc. 1352-1365.
We find no reversible error in the record.
Affirmed.
ELLIS, C. J., AND STRUM, J., concur.
WHITFIELD, P. J., AND TERRELL AND BUFORD, J.J., concur in the opinion.