SIM COBB v. STATE.
163 So. 96.
Opinion Filed September 2, 1935.

*Joseph W. Nichols,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the offense of assault with intent to commit rape.

The plaintiff in error presents three questions for our determination, as follow:

"1.   Did the State fail to prove the material and necessary elements of the offense charged; in other words, did the State fail to prove that, if assault was made by the defendant, upon the prosecuting witness, that such an assault was made with the intent to commit rape as charged in the indictment?"

"2. Was the defendant sufficiently identified as being the person who made the assault?"

"3. Does the indictment allege such facts as are necessary to constitute an attempt to commit rape?"

The evidence as disclosed by the record was ample to warrant the jury in reaching the conclusion that the assault was with 'intent to rape. The defendant was positively identified as the person who made the assault by two witnesses who saw him fleeing from the scene of the crime while his victim was still screaming.

The indictment was only attacked by motion in arrest of judgment.

The indictment was sufficient to put the accused on notice of the offense with which he was charged and to preclude a second or subsequent indictment and trial for the same offense after trial on the presently considered indictment. The rule is well settled that "Where an indictment does not wholly fail to allege a crime or an essential element of a crime, and sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction." Adams v. State, 72 Fla. 32, 72 Sou. 473; Smith v. State, 72 Fla. 449, 73 Sou. 354; Jones v. State, 75 Fla. 533, 78 Sou. 529; Fountain v. State, 92 Fla. 262, 109 Sou. 463.

The record discloses no reversible error and the judgment should be affirmed.

So ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.