414 So.2d 638 (1982)
Robert Walter BRITTON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1146.
District Court of Appeal of Florida, Fifth District.
June 2, 1982.
*639 James B. Gibson, Public Defender, and J. Peyton Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Britton, contends that the court below erred by allowing the state to call a witness in rebuttal. He argues the witness' testimony was both improper rebuttal and cumulative.
Rebuttal evidence explains or contradicts material evidence offered by a defendant. Kirkland v. State, 86 Fla. 64, 97 So. 502 (1923). See also Dornau v. State, 306 So.2d 167 (Fla.2d DCA 1974), cert. denied, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975). The testimony delivered by the state's rebuttal witness neither explained nor contradicted any evidence offered by Britton. Permitting the testimony, however, was not error: the order of presentation of evidence and witnesses is largely a function of the trial court's discretion; this discretion is broad enough to allow the state to introduce, after the defendant's case, evidence not strictly in rebuttal, so long as the evidence was admissible in the main case. Williamson v. State, 92 Fla. 980, 111 So. 124, 53 A.L.R. 250 (1926); Davis v. State, 44 Fla. 32, 32 So. 822 (1902). See also 23 C.J.S. Criminal Law § 1045 (1961). Because the trial court properly eliminated a hearsay problem in the proffered testimony, the testimony presented to the jury was admissible in the state's case in chief. Therefore, the court did not err by permitting the "rebuttal" testimony.
As for Britton's argument that the testimony was unnecessarily cumulative, it is not error to permit a state witness to testify after the defense has rested, even if the evidence is merely cumulative, in the absence of the defendant's showing injustice amounting to an abuse of discretion. *640 Williamson, 111 So. at 126-27; Driscoll v. Morris, 114 So.2d 314 (Fla. 3d DCA 1959). Britton has failed to demonstrate such prejudice.
The judgment[1] below is
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] Britton has yet to be sentenced.