ON REHEARING GRANTED
[Original Opinion at 12 F.L.W. 726]
WENTWORTH, Judge.
The state calls to our attention a court reporter’s error in the transcript of a portion of the trial proceedings which was filed herein and quoted in our previous opinion of March 10, 1987. We therefore withdraw that opinion and substitute the following in lieu thereof.
*34 Appellant seeks review of his conviction and sentence for possession of a firearm by a convicted felon. He raises three issues on appeal: 1) whether the trial court erred in permitting the state to introduce evidence of appellant’s lifestyle and economic status; 2) whether the trial court erred in allowing the state to introduce evidence that appellant defecated upon himself when arrested; and 3) whether appellant was denied a fair trial because of repeated instances of prosecutorial misconduct. Although we find that evidence of appellant’s lifestyle and economic status may have been irrelevant to the crime being tried, we conclude that admission of such evidence was harmless because we find no reasonable possibility that it affected the result below. Appellant failed to properly object with respect to other cited evidence, or move for a mistrial in alleged instances of prosecutorial misconduct and we therefore affirm.
Appellant was charged with one count of armed robbery, in violation of section 812.-13(2)(a) and section 775.087(2), Florida Statutes, and one count of possession of a firearm by a convicted felon, in violation of section 790.23, Florida Statutes. Count one was severed and appellant proceeded to trial on count two.
At trial the defense introduced the testimony of a bar attendant and two of appellant’s drinking companions, each of whom stated that appellant was in a bar with them at the time of the crime. During cross-examination the state, over strenuous defense objections, questioned the defense witnesses extensively about appellant’s lifestyle, drinking habits, and economic status, asserting that such evidence went to the motive for the underlying robbery and the credibility of the witnesses. The elicited testimony detailed such information as what type of beer appellant drank, where he slept following a drinking binge, what time of day he customarily began drinking, and where he obtained the money to support his drinking habit.
Our reading of the record shows that portions of the evidence admitted regarding appellant’s lifestyle and economic status were irrelevant to the crime being tried. Although we find the trial court may have improperly admitted this evidence, we conclude the error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
As to the second issue presented, the record shows appellant failed to object to the introduction of evidence that he defecated upon himself when arrested. Appellant’s contention that an objection to this evidence was unnecessary, because the court already had overruled his objection to the evidence during a prior trial, is without merit.
The record reveals the following exchange during the prosecutor’s direct examination of deputy sheriff Hall:
Q. Were you able to develop any suspects in the case?
A. Yes, sir, I was.
Q. How did you do that?
A. During the course of the investigation, the suspect was developed.
Q. How did you do that, though?
A. I don’t understand your question, sir.
Q. Did you receive any information about this case?
A. I received information—
MR. McATEE: (INTERPOSING) I will have to object to that unless it’s been shown it’s shown from some type of confidential—
THE COURT: (INTERPOSING) Yeah—
MR. McATEE: (INTERPOSING) — informant—
THE COURT: (INTERPOSING) — apparently your’re asking him for hearsay—
MR. McATEE: (INTERPOSING)— shown to be reliable—
THE COURT: (INTERPOSING) — and I am going to sustain the objection.
Q. (BY MR. KADEN): How did you develop Mr. Harris as a suspect in this case?
THE COURT: Well, I will—
MR. McATEE: (INTERPOSING) Same objection.
THE COURT: —sustain that objection.
*35 MR. KADEN: Your honor, he said unless it was from a confidential informant. Let’s let the deputy answer—
THE COURT: (INTERPOSING) Well, that’s hearsay—
MR. KADEN: —the question.
THE COURT: —and I sustained the subjection [sic]. I will ask you to stay away from hearsay, Mr. Kaden.
Q. (BY MR. KADEN): Did you have the opportunity to contact Mr. Miller about the suspect you developed?
A. Yes, sir, I did.
Nothing further was said by defense counsel. As indicated above, we affirm because of appellant’s failure to properly object and move for a mistrial in this as well as other instances evident in the record.
Affirmed.
WIGGINTON and NIMMONS, JJ., concur.