547 So.2d 246 (1989)
James D. GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2049.
District Court of Appeal of Florida, Fourth District.
July 19, 1989.
Rehearing Denied August 23, 1989.
*247 Richard L. Jorandby, Public Defender, Scott Suskauer and Cherry Grant, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
Appellant was convicted of possession and sale of cocaine and sentenced to thirty months in prison. He appeals his conviction, citing error of the court in permitting the testimony of the state's rebuttal witness and prosecutorial misconduct. We affirm.
During discovery preceding trial, appellant's attorney found out that a confidential informant was part of the controlled drug buy which resulted in the charges against appellant, even though the buy was actually conducted by a sheriff's deputy who testified at trial. Appellant's attorney attempted to take the deposition of the confidential informant, but he failed to appear for his deposition. Pursuant to the order of the trial court the confidential informant was jailed and his deposition was taken in jail. The prosecutor in charge of the case was not present at the deposition, by agreement with defense counsel.
At the deposition the confidential informant denied any involvement with the case whatsoever. However, during the first day of trial, and before the defendant began to present his evidence, defense counsel again interviewed the confidential informant who told the attorney that he was going to "burn your client".
After the state rested its case, which included the deputy's eye witness identification of appellant as the seller in the drug transaction, defense counsel presented one witness to testify about a confusion in the *248 name of appellant on the arrest affidavit and the dollar value of the drugs sold. Then defense counsel indicated his desire to call the confidential informant, but he expressed his concern that the informant would now testify contrary to his deposition testimony. The court permitted the defense counsel to proffer the testimony, in which the confidential informant then admitted his own involvement and that of appellant in the drug transaction. Defense counsel therefore elected not to call the confidential informant.
The prosecutor then called the informant in rebuttal. Over the defense objection that his testimony was not relevant to any issue raised by the defense, the confidential informant testified that he had purchased cocaine in the amount of twenty dollars from the appellant, whom he identified in court. Upon cross-examination and being confronted with his sworn deposition testimony denying involvement, the confidential informant testified that he had testified falsely on deposition because the prosecutor was not present. He said that the prosecutor told him that he (the prosecutor) wanted to be present whenever the informant's statement was being taken. In the state's final closing argument the prosecutor said that he had told the confidential informant "not to say anything unless we were all there," because the confidential informant was concerned that lawyers might put words in his mouth. At no time during the trial did the defense counsel raise any objection to the use of the confidential informant's testimony, other than that it was not in rebuttal of the case presented by the defense. Further, at no time did the defense move for a mistrial on the grounds of prosecutorial misconduct, either during the testimony or during the state's closing argument.
Appellant was convicted of both charges. He filed a motion for new trial alleging error in permitting the informant to testify at all, prosecutorial misconduct, and error in allowing comment on the right to remain silent.
With respect to permitting the testimony of the confidential informant as rebuttal evidence, the trial court is granted broad discretion to allow the state to introduce evidence not strictly in rebuttal after the defendant's case so long as the evidence was admissible in the main case. See Britton v. State, 414 So.2d 638 (Fla. 5th DCA 1982); Williamson v. State, 92 Fla. 980, 111 So. 124 (1926). In this case the informant was asked about the dollar amount of the drug sale and the identity of the appellant as the seller, both matters put in issue by the defense witness. This evidence was relevant and in rebuttal to the testimony offered by defense. The defense raised no other error on this ground.
Appellant argues both the handling of the informant and the statements regarding the informant made by the prosecutor during closing argument amounted to prosecutorial misconduct.[1] No objection or motion for mistrial was made, and therefore, he is not entitled to reversal on those grounds. Smith v. State, 515 So.2d 185 (Fla. 1987); Harris v. State, 508 So.2d 33 (Fla. 1st DCA 1987).
Furthermore, even if there were prosecutorial misconduct as claimed, in State v. Murray, 443 So.2d 955, 956 (Fla. 1984) the Supreme Court held:
When there is overzealousness or misconduct on the part of either the prosecutor or defense lawyer, it is proper for either trial or appellate courts to exercise their supervisory powers by registering their disapproval, or, in appropriate cases, referring the matter to The Florida Bar for disciplinary investigation. Arango v. State, 437 So.2d 1099 (Fla. 1983); Spenkelink v. Wainwright, 372 So.2d 927 (Fla. 1979) (Alderman, J., concurring specially); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982). Nevertheless, prosecutorial error alone does not warrant automatic reversal of a conviction *249 unless the errors involved are so basic to a fair trial that they can never be treated as harmless. The correct standard of appellate review is whether "the error committed was so prejudicial as to vitiate the entire trial." Cobb [v. State], 376 So.2d 230 at 232 [(1979)]. The appropriate test for whether the error is prejudicial is the "harmless error" rule set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and its progeny. We agree with the recent analysis of the Court in United States v. Hasting, [461] U.S. [499], 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The supervisory power of the appellate court to reverse a conviction is inappropriate as a remedy when the error is harmless; prosecutorial misconduct or indifference to judicial admonitions is the proper subject of bar disciplinary action. Reversal of the conviction is a separate matter; it is the duty of appellant courts to consider the record as a whole and to ignore harmless error, including most constitutional violations.
We have reviewed the record, and we conclude, as did the trial court, that the error did not affect the substantial rights of the appellant. Although the confidential informant apparently lied at his deposition, he testified truthfully at trial, and appellant was then able to use the deposition testimony for impeachment. Further, the evidence against the defendant was clear cut and overwhelming. Although there was some dispute as to the appellant's last name, there was no dispute as to the eyewitness identification by the officer who purchased the drugs from appellant and had seen appellant on four or five other occasions. The informant also identified appellant as the seller.
We do express our disapproval of the conduct of the police officers and prosecutor if they did in fact tell the confidential informant not to speak unless they were present. For the prosecutor to impede defense counsel's investigation by telling a witness not to speak unless the prosecution is present would be a violation of Florida Rule of Criminal Procedure 3.220(e). We note that the prosecutor denies this now, but that is what he argued to the jury. Such conduct by the prosecutor should appropriately be addressed by the trial court's imposition of sanctions against the prosecutor or through the institution of grievance proceedings against the prosecutor for violation of Bar Rules of Ethics. Nevertheless, based on the harmless error analysis, this misconduct was not so prejudicial as to vitiate the entire trial.
Finally, appellant also contends that the prosecutor committed reversible error when in opening statement he said: "and basically its gonna [sic] come down to ... do I believe the defendant." That is a comment on defendant's right to remain silent. Smith v. State, 358 So.2d 1137 (Fla. 3d DCA 1978). However, under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986) a comment on defendant's right to remain silent is subject to a harmless error analysis. On examination of the record in this case, with positive eyewitness identifications of appellant in the act of selling cocaine to the undercover officer, there is "no reasonable possibility that the error contributed to the conviction." DiGuilio, 491 So.2d at 1135.
Affirm.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] The appellant also claims that the prosecutor told the informant to lie on his deposition. We find no support in the record of this contention.