592 So.2d 1241 (1992)
Matthew DIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2239.
District Court of Appeal of Florida, Third District.
February 4, 1992.
Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
*1242 Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the defendant Matthew Dixon from judgments of conviction and sentences for second-degree murder and possession of a firearm during the commission of a felony, following an adverse jury verdict. We affirm the judgments of conviction, but reverse the sentences.
First, there is no merit to the defendant's points on appeal which attack various evidentiary rulings made by the trial judge during the course of the trial. (a) Detective Borrego was properly allowed to testify on redirect examination as to the content of an anonymous tip because the defense counsel, on cross examination of this witness, initially established the existence and nature of this tip and, thus, "opened the door" to further inquiry into the nature of the tip. Indeed, defense counsel's cross examination of Detective Borrego virtually established that the tip had implicated the defendant and consequently the defendant cannot be heard to complain when the state clarified this matter on redirect examination. See Tompkins v. State, 502 So.2d 415, 419 (Fla. 1986), cert. denied, 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 781 (1987); Wright v. State, 582 So.2d 774, 775 (Fla. 2d DCA 1991); Hinton v. State, 347 So.2d 1079 (Fla. 3d DCA), cert. denied, 354 So.2d 981 (Fla. 1977). (b) Officer Odom was properly allowed to testify on rebuttal that Willie Young was a "dope dealer" and that Odom did not have a blind date with Young as the defendant had claimed during his trial testimony. This rebuttal testimony was properly admitted to contradict the defendant's trial testimony and to clarify how it was that Odom was acquainted with Young  namely, on a professional, not a social, basis. See Gilbert v. State, 547 So.2d 246, 248 (Fla. 4th DCA 1989), rev. denied, 557 So.2d 35 (Fla. 1990); Britton v. State, 414 So.2d 638, 639 (Fla. 5th DCA 1982). (c) Although it was technically improper to admit evidence that two state witnesses had made statements to the police and that one of these witnesses had stated "that [she] saw who shot [the deceased]," such evidence in itself was not prejudicial to the defendant and consequently was entirely harmless.[1]State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). (d) Detective Borrego was properly allowed to testify on rebuttal that the defendant never volunteered to cooperate with the police in clearing himself of the instant murder charge and to relate the conversation which Borrego, in fact, had with the defendant. This rebuttal testimony properly refuted the defendant's contrary trial testimony and was therefore admissible in evidence. See Gilbert, 547 So.2d at 248; Britton, 414 So.2d at 639.
Second, the state concedes, and we agree, that the sentencing guidelines scoresheet was inaccurately calculated. The defendant's 1966 conviction for possession of a firearm during the commission of a felony was a misdemeanor conviction, not a second-degree felony conviction as scored on the guidelines scoresheet. In 1966, unlike today, this offense was a misdemeanor rather than a second-degree felony and should have been scored as such. See §§ 775.06, 775.08, 790.07, Fla. Stat. (1965). This being so, the recommended sentencing guidelines range in this case was 17-22 years, with the permitted one-cell upward increase being 27 years. Accordingly, the defendant's total sentences of 40 years imprisonment are reversed and the cause is remanded to the trial court with directions to resentence the defendant. Upon remand, *1243 the trial court may (1) resentence the defendant within the recommended or permitted sentencing guidelines range, or (2) depart from the permitted guidelines range provided a valid reason is given for doing so. Roberts v. State, 547 So.2d 129 (Fla. 1989); Weekley v. State, 553 So.2d 239 (Fla. 3d DCA 1989). The judgments of conviction under review, however, are affirmed.
Affirmed in part; reversed in part and remanded.
NOTES
[1] It was perhaps improper for the state to use this innocuous evidence to argue to the jury that these statements must have been consistent with the witnesses' trial testimony, else defense counsel would have impeached these witnesses with the subject statements. Defense counsel, however, did not object to this argument and therefore cannot complain about it on appeal. See, e.g., Groover v. State, 489 So.2d 15, 16 (Fla. 1986); Hoffman v. State, 474 So.2d 1178, 1181 (Fla. 1985).