641 So.2d 490 (1994)
Steven QUARRELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2413.
District Court of Appeal of Florida, Fifth District.
August 19, 1994.
*491 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
In appealing his convictions and sentences for aggravated assault on a law enforcement officer, resisting an officer with violence, and aiding escape, Steven Quarrells' sole contention is that the trial court erred by allowing the state to call David Reed as a rebuttal witness. We affirm because this testimony would have been admissible during the state's case-in-chief.
The trial court allowed the state to present, as rebuttal evidence, Reed's testimony that Quarrells called Reed from jail and attempted to influence Reed to testify falsely. Reed's testimony did not qualify as rebuttal evidence because it failed to explain or contradict material evidence offered by Quarrells. See Britton v. State, 414 So.2d 638, 639 (Fla. 5th DCA 1982).[1] Nevertheless, Reed's testimony that Quarrells personally attempted to influence him to testify falsely was admissible as substantive evidence of Quarrells' guilt. See Manuel v. State, 524 So.2d 734, 735 (Fla. 1st DCA 1988). Accordingly, the trial court did not commit reversible error in admitting Reed's testimony because the testimony was admissible during the state's case-in-chief, and the trial court had broad discretion to determine the order of presentation of evidence and witnesses. See Britton v. State, 414 So.2d at 639. Accord Gilbert v. State, 547 So.2d 246, 248 (Fla. 4th DCA 1989), rev. denied, 557 So.2d 35 (Fla. 1990).
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] The trial court apparently admitted Reed's testimony to rebut testimony elicited by the state on its cross-examination of defense witness Chad Flanders. Reed's testimony did not explain or contradict Flanders' testimony, which merely revealed that Quarrells called Flanders several times from jail and that they talked "about what was happening" to Quarrells.