724 So.2d 617 (1998)
Stanley RIDER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-850
District Court of Appeal of Florida, Fifth District.
December 23, 1998.
Rehearing Denied February 3, 1999.
*618 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant was charged with two counts of lewd and lascivious assault on a child and convicted after a jury trial. An earlier probation was revoked, and he was sentenced to fifteen years in state prison followed by fifteen years of probation. He appeals, raising four points, two of which involve the issue of witness sequestration, which we consider together. Finding no error, we affirm.

(a) Sufficiency of the Evidence
Appellant was visiting in the home of Andrew Nichols, a friend. Residing with Nichols at the time was a woman and her two children, and another male houseguest. The adults spent the evening visiting some bars and drinking, then returned home and drank some more. The children had been in bed and asleep when the adults returned home. The twelve year old child victim testified that appellant came into her room, got into her bed and started touching her. She stated that he took off his pants and underwear, took off her clothes, laid on top of her and put his penis in her vagina. He then left the room, but shortly returned, and as the child was trying to get up, made her get back into the bed, rolled her over onto her stomach and "put his penis into [her] butt." The child told no one about this until the next day when she told it to Nichols' other friend who convinced her to tell her mother.
Appellant admitted to "crashing" in the bed in which the child slept, but testified that he was fully clothed and never touched the child. A physician who examined the child the day the alleged attack was reported, testified that there was a two inch tear in the child's vagina, the area was bloody and tender, and there was evidence of dried secretions. The outside area of the thighs and buttocks showed a lot of redness and irritation. The doctor testified that these findings were of rather recent origin, within the past twenty-four hours.
Appellant contends that the trial court erred in not granting his motion for judgment of acquittal. He asserts that "[e]ven in a light most favorable to the state, the conflict-laden testimony of a twelve year old child, unsupported by any other evidence, and contradicted by other facts, is too flimsy a basis upon which to submit a case to a jury." However, there was substantial, competent evidence admitted which identified appellant as the assailant and which addressed the fact that the assault had taken place. As was said in Hufham v. State, 400 So.2d 133 (Fla. 5th DCA 1981):
"Appellant says that the testimony of the victim is conflicting and is not credible ... but he addresses this issue to the wrong *619 tribunal. It was for the jury to determine the credibility of the witnesses and the victim, as well as the defendant who testified here. Once competent substantial evidence has been submitted on each element of the crime, it is for the jury to evaluate the evidence and the credibility of the witnesses..." (citations omitted).
400 So.2d at 135, 136.

(b) Sequestration of Witnesses
At the commencement of the trial, the court granted appellant's request and invoked the rule of sequestration of witnesses. Although appellant acknowledged the child's mother to be exempt from the rule, Sec. 90.616(2)(d), Fla. Stat. (1997), appellant nevertheless requested that the court require the mother to testify prior to the child's testimony, but when the state objected, the court denied the request. Therefore, says appellant, he was prejudiced by the mother's ability to hear the child's testimony before she, the mother, testified. Although appellant makes this bold assertion of prejudice, none is demonstrated.
A trial court has broad discretion to determine the order of presentation of evidence and witnesses. Quarrells v. State, 641 So.2d 490 (Fla. 5th DCA 1994). Appellant contends that it was legal error to deny his sequestration request, but the rule of sequestration of witnesses is not to be applied as a strict or absolute rule of law, and the trial court has discretion to determine whether a particular witness should be excluded from the courtroom during the trial. Burns v. State, 609 So.2d 600 (Fla.1992). No abuse of the court's discretion is shown.

(c) Condition of Probation
As required by sec. 948.03(5)(a)7, Fla. Stat. (1997), the court imposed the following condition of probation:
"You shall not view, own or possess any obscene, pornographic, or sexually stimulating visual or auditory material including telephone, electronic media, computer programs or computer services that are relevant to deviant behavior pattern."
Appellant contends that this provision is overly broad and could result in violation of probation for nonsubstantial and unintentional activities. Nonetheless, no objection to this condition was made below, thus it was not preserved for appellate review. See Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), rev. granted, 718 So.2d 169 (Fla. 1998); Maxlow v. State, 636 So.2d 548 (Fla. 2d DCA 1994) (claim that condition of probation was invalid because too vague was waived by not raising it in trial court either when condition was imposed or by motion to strike).
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.