PER CURIAM.
We have for review Rider v. State, 724 So.2d 617 (Fla. 5th DCA 1998), a decision of the Fifth District Court of Appeal citing as authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981). Rider contends that a condition of probation imposed by the trial court is overly broad. For the reasons expressed in our opinion in Maddox v. State, 760 So.2d 89, 105 n. 11 (Fla.2000), we approve the decision of the Fifth District that this type of sentencing error must be preserved in order to be raised on direct appeal.[1]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. We decline to address the other issues raised by Rider that are not the basis of our jurisdiction. See, e.g., Wood v. State, 750 So.2d 592, 595 n. 3 (Fla.1999); McMullen v. State, 714 So.2d 368, 373 (Fla.1998).