253 So.2d 907 (1971)
Joey Allen REYES, Appellant,
v.
STATE of Florida, Appellee.
Joey Allen REYES, Appellant,
v.
STATE of Florida, Appellee.
Nos. O-187, O-188.
District Court of Appeal of Florida, First District.
October 5, 1971.
Moore & Crump, Niceville, for appellant.
Robert L. Shevin, Atty. Gen., Nelson E. Bailey and William W. Herring, Asst. Attys. Gen., for appellee.
RAWLS, Judge.
By this appeal, Reyes seeks a reversal of judgments of guilt for the crimes of possession of illegal drugs and sale of illegal drugs.
We are primarily concerned with appellant's first point on appeal, viz.: Whether or not the State may, in a criminal prosecution, introduce evidence of other unrelated crimes on rebuttal when no predicate for the introduction of the evidence was laid during the defendant's case.
At the conclusion of defendant's case, the State adduced a number of witnesses who testified for a period of almost two days as to prior illegal drug transactions indulged in by defendant. At this stage, the trial progressively developed into a general inquiry as to defendant's character, his propensity to indulge in criminal activities and the numerous crimes he had committed over a long period of time. One hundred forty-one pages of this record is devoted to the alleged impeachment of defendant's testimony that he had not used drugs, other than those which were prescribed, prior to the date of his arrest. The rebuttal testimony is replete with evidence of prior specific crimes and hearsay testimony. The feature of the trial quickly faded into the spotlight of a sideshow focusing on the character, general reputation and propensity of defendant Reyes to engage in criminal activities. The Anglo-Saxon system of jurisprudence has not sanctioned such trials since the era of the Star Chamber.
The State argues that Williams v. State[1] stands for the proposition that evidence relating to similar facts, even though the evidence may point to the commission of a separate crime, is admissible in a criminal *908 trial if relevant for any purpose save that of showing bad character or propensity to commit a crime. The key word contained in Williams is "relevant", and here "relevancy" is absent. In addition, the State contends that if this Court should hold that the subject testimony was not admissible under the "relevant" theory or for impeachment purposes, same falls within the "harmless error" doctrine.[2] As observed, the spotlight focused on the sideshow of unrelated past activities of defendant Reyes and it is difficult to envision how the jury could possibly not have been influenced by this inadmissible evidence. In this jurisdiction, a citizen accused of committing a crime, no matter how heinous or reprehensible it may be in the eyes of society, is entitled to be informed as to the nature of the charge against him and afforded the opportunity to prepare his defense prior to being put to trial. Such was not done in the instant cause and it is our duty to reverse.
In Abram v. State[3] a judgment of conviction for first degree murder was reversed because the State erroneously introduced into evidence an illegally obtained confession. Speaking for this Court, Judge Wigginton stated:
"* * * We reach this conclusion with considerable reluctance because the record reflects overwhelming eyewitness testimony establishing defendant's guilt of the crime charged. The purported confession made by him was merely cumulative and added little if anything to the evidence already adduced concerning defendant's guilt. Under the circumstances we find it most difficult to understand why the prosecuting officer was willing to incur the risk of reversal by insisting upon the admission into evidence of the illegal confession * * * in view of the highly questionable necessity for doing so. By taking such risk, the expense of the initial trial has been wasted and the time of the trial court and this court in considering this case has been needlessly encumbered. The necessity for reversing convictions of this kind in order to assume compliance with the technical requirements of law causes consternation among laymen and brings the entire judicial system into disrepute. It is to be hoped that instances such as this will be avoided in the future by those charged with the prosecution of crime in our state."
We observe that the foregoing is applicable to the instant cause.
Reversed and remanded with directions to grant defendant a new trial.
CARROLL, DONALD K., Acting C.J., and JOHNSON, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959).
[2] Fla.Stats., § 59.041, F.S.A.; Goddard v. State, 143 Fla. 28, 196 So. 596 (1940); State v. Wadsworth, 210 So.2d 4 (Fla. 1968); Mahone v. State, 222 So.2d 769 (Fla. DCA 3d, 1969); Coppolino v. State, 223 So.2d 68 (Fla. DCA 2d, 1968).
[3] Abram v. State, 216 So.2d 498, 500 (Fla. DCA 1st, 1968).