RAWLS, Judge
(dissenting).
Appellant seeks reversal of a judgment of conviction of the crime of incest. His sole point on appeal is that the trial court erred in admitting into evidence testimony of alleged acts of intercourse by him with his daughter some many years prior to the act charged in the instant case.
Prior to the trial appellant moved the court to exclude any evidence of other alleged acts of incest committed with his daughter, Annette Clark, on the ground that this evidence would not be relevant to the charge being tried. The trial court denied this motion.
Appellant’s 21-year-old daughter testified that she was living separate from her parents in an apartment with her two illegitimate children. On the night of the alleged offense, her father “picked me up from work like he usually do and went by my mother’s house and picked up the kids and we went home and I got them prepared for bed for tomorrow, going to work, and after I got through, I went on to bed and fell off to sleep.” She further testified that her father then forced her to have sexual intercourse with him. She reported this alleged act to the State Attorney’s office approximately one week later.
Had the State been content with the foregoing testimony on the part of its chief witness, I would be in full accord with the verdict and judgment. However, the State insisted upon introducing testimony by the 21-year-old daughter, viz.: “I learned to be afraid of him when I was real young. I could have been about two- or three years old. For some reason I just was afraid of him until around five. Around five I realized I was because he beat me half to death one day . '. .” In answer to the prosecution’s question as to the first time defendant tried to have intercourse with her, the witness testified as to such an incident when she was five years old. In answer to the question, “Did the defendant have intercourse with you after this incident through the years ?”, *688 she answered, “Yes.” She also testified that defendant had intercourse with her when she was fifteen years old. The mother of the witness corroborated the testimony as to defendant’s conduct towards the daughter when she was five and fifteen years old. No report was made to the authorities of these incidents by the daughter or her mother.
The State emphasized the alleged prior criminal acts on the part of this defendant in closing argument. The prosecuting attorney argued, inter alia: “Also keep in mind that this was not the only incident of incest that occurred. ■ It has occurred many times and the first time she can remember is that he attempted to have intercourse with her when she was five years old and she also brought out the fact that this went on through the years. The next time she was caught in the act with the father by the mother. The same situation existed throughout thesé times too.”
The State relies upon the authority of Williams v. State, 110 So.2d 654 (Fla. 1959); State v. Norris, 168 So.2d 541 (Fla.1964); and Green v. State, 190 So.2d 42 (2 Fla.App.1966). In Williams, Justice Thornal speaking for the Supreme Court clearly stated: “Once more we find relevancy to be the test of admissibility.” (Emphasis theirs.) Can it be said that a man charged with beating his wife on this date may be subjected to testimony that he beat her fifteen years ago, or, that he had beat her throughout the years? To hold that this type of testimony is “relevant” to the crime charged is to cast aside each statute of limitation as to criminal offenses. “Relevancy” must and does relate to a reasonable period of time pertaining to the criminal offense being tried. Judge Pierce speaking for the Second District Court of Appeal, in Green, succinctly stated the controlling principle of law as follows: “. . . as we read Williams, the essential characteristics of evidentiary admissibility have not been materially altered. Evidence of other offenses which was admissible before Williams has been generally held admissible since Williams, and will undoubtedly continue so to be held in the future; and vice versa as to inadmissibility.”
Evidence as to defendant’s criminal conduct towards the daughter for the previous sixteen years, coupled with the cited argument by the State, overshadowed the crime for which defendant was tried. As I view the transcript, defendant was tried for incestuous relationship with' his daughter for the last sixteen years, while he was informed against for the commission of an offense on the 8th day of September 1971. It is my view that the State went too far in its introduction of testimony about former crimes and the effect of such excessive testimony was to convert the development of facts relevant to the main issue of the guilt or innocence of the accused into an assault on his character, and made the former offenses a feature of the trial. Williams v. State, 143 So.2d 484 (Fla. 1962); and Reyes v. State, 253 So.2d 907 (1 Fla.App. 1971).
I dissent.