320 So.2d 444 (1975)
John PARISE, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-77.
District Court of Appeal of Florida, Third District.
October 7, 1975.
Rehearing Denied November 4, 1975.
*445 Cushman & Cushman, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, defendant in the trial court, appeals his conviction following a jury trial for (1) conspiracy to commit a felony by trespassing upon land, and (2) trespass.
We first considered appellant's contention on appeal that the information was not sufficiently definite and have determined this point is without merit. See State v. Smith, Fla. 1970, 240 So.2d 807 and Machin v. State, Fla.App. 1972, 270 So.2d 464.
We next turned our attention to the second point on appeal with respect to the alleged improper remarks of the trial judge to the jury.
This issue arrises from the following remark to the jury by the judge immediately after the court declared a mistrial as to the codefendants of the appellant:
"THE COURT: Ladies and gentlemen of the jury, the Court has  for reasons that do not have to be explained to you  has granted a mistrial on the defendants, Green and Duffield, and this case will proceed as to Mr. Parise.
"Do not infer guilt solely from the fact that the trial is continuing with regard to Mr. Parise, and not to Mr. Duffield and Mr. Green. They will be tried at another time, retried.

"However, the Court has ruled that a conspiracy had been proven, and not really in that sense for you to decide, but only in a sense that evidence now will be, admissible evidence that has been admitted, that I had originally told you was to be applied to any of the defendants, each of the defendants, can be applied to all of the defendants." [Emphasis Supplied]
* * * * * *
The firmly established rule in Florida is that the trial judge should avoid making directly to or within the hearing of the jury any remark which is capable directly or indirectly, expressly, inferentially or by innuendo of conveying any intimation as to what view he (or she) takes of the case or as to what opinion the judge holds as to the weight, character or credibility of any evidence adduced. Leavine v. State, 109 Fla. 447, 147 So. 897 (1933); Seward v. State, Fla. 1952, 59 So.2d 529; Raulerson v. State, Fla. 1958, 102 So.2d 281.
We agree with the appellant that the above remark "that a conspiracy had been proven," being highly prejudicial, deprived appellant of his right to a fair trial. Thus, we reverse for a new trial.
In light of our disposition of this point on appeal, it is not necessary to determine appellant's remaining contentions.
Accordingly, the judgment of conviction and sentence is reversed and the cause remanded for a new trial.
It is so ordered.