369 So.2d 691 (1979)
Gerald DONALDSON, Appellant,
v.
STATE of Florida, Appellee.
No. LL-322.
District Court of Appeal of Florida, First District.
April 19, 1979.
*693 James G. Etheredge, Fort Walton Beach, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
MASON, ERNEST E. (Retired Circuit Judge), Associate Judge.
The appellant Donaldson appeals a judgment and sentence rendered and imposed upon a jury verdict finding him guilty of committing an unlawful battery by the use of a deadly weapon, in violation of Florida Statute 784.045(1).
The facts are as follows:
Appellant is married to Maria Donaldson. On the evening of February 1, 1978, Donaldson and his wife got into an argument in a public bowling alley and a physical fight occurred which continued after the parties returned to their home. Thomas Michael Brown, who is married to Maria's sister, received a call at approximately midnight which consisted of "screaming and hollering". Brown and his wife then went to the Donaldson home where they discovered Maria was injured. Maria was taken to a hospital and treated and then remained with the Browns. A warrant was issued against Donaldson and he was arrested and held overnight. Upon being released from jail, Donaldson attempted to contact Maria about the keys to their auto. He talked with Brown over the phone and an invitation to "fight it out" was issued but no fight occurred. Maria, who was in the process of obtaining a divorce from Donaldson, obtained a court order giving her temporary possession of the auto owned by the Donaldsons. Donaldson had taken the car to his uncle's and chained it to a post. Brown assisted Maria in removing the chain and obtaining possession of the auto. On the evening of February 5, 1978, Maria and Donaldson agreed to go to a lounge and "talk things over". Maria testified that during that evening Donaldson had quite a bit to drink and threatened to get even with Brown for taking the auto. At the trial appellant's counsel strenuously objected to this conversation between defendant and his wife on the ground that such conversation was a privileged communication. On the morning of February 6, Donaldson, in a conversation with his father-in-law also threatened to get Brown. The next morning Brown stopped by the office of Donaldson and his brother, Johnny Donaldson, in order to talk things over. Brown followed Johnny Donaldson in order to locate the job site where Donaldson was working and then Brown went to work. He returned several hours later to talk to Donaldson. (One of his employees, Thomas Turner, was with him.) Turner testified that as he and Brown approached, Donaldson turned and said "Now I don't have to look for you, Brown", and then struck Brown with a carpenter's level. Subsequently, both Johnny Donaldson and Jimmy Berditt, an employee of the Donaldsons, became involved in the fight. Several blows were delivered to Brown before he managed to free himself and leave. As a result of this incident, Donaldson was charged with aggravated battery. At the trial, Donaldson claimed self-defense. His estranged wife, Maria, was called as a rebuttal witness and she testified that she heard Donaldson threaten *694 the life of Brown the night she went to the lounge with him. She also testified that Donaldson had threatened and beaten her. Defense counsel objected to her testimony but his objection was overruled.
The first point on appeal is that the trial court erred by allowing appellant's wife to testify concerning communications she had with him prior to the incident complained of and prior to the trial of the cause. We do not think that this point is well taken for although confidential communications between husband and wife are privileged, the mere admission of such communications at trial is not reversible error unless there is a showing that but for the admission of such evidence a different result would have been reached at the trial. Cornelius v. State, 49 So.2d 332 (Fla. 1950). There was other ample evidence in the record substantiating the fact that the appellant had threatened to get even with the victim Brown for Brown's taking of the automobile, including appellant's own admission to having threatened to "get Brown". Furthermore, the evidence is clear that the appellant was the aggressor during the fight resulting in the battery upon Brown and the evidence was ample, absent his wife's testimony concerning her conversation with him, to disprove appellant's claim of self-defense. His wife's testimony in that respect was merely cumulative and as such is not grounds for reversal on appeal when there is other competent substantial evidence in the record sufficient to sustain the verdict of guilt. Montalvo v. State, 154 So.2d 713 (Fla. 3rd DCA 1963); Urga v. State, 155 So.2d 719 (Fla. 2nd DCA 1963).
Appellant's Points Two and Three are based upon the charge that the trial court erred in admitting evidence to the effect that appellant had beaten his wife on occasions prior to the trial and in permitting the introduction of testimony in rebuttal by the appellant's wife to the effect that he had regularly had problems with his wife and that he had on several occasions threatened to kill her and had beaten her.
We reverse on Points Two and Three.
First, as to Point Two, it was error for the court to admit evidence that the appellant had beaten his wife on occasions prior to the trial. The evident purpose in the offering of such evidence was to show guilt of the crime of assault with which appellant was charged by showing defendant's propensity to commit violent acts. At no point in the defense's case did he place his character into evidence and the general rule in this State is that in criminal cases the State may not introduce evidence attacking the character of the accused unless he has first placed his character into issue by introducing evidence of his good character. Andrews v. State, 172 So.2d 505 (Fla. 1st DCA 1965); Jordan v. State, 171 So.2d 418 (Fla. 1st DCA 1965). The State contends in connection with this point that it is not properly before this court because no timely objection was made by appellant at the time of the offer of such evidence. Our examination of the record discloses that appellant's attorney did object to this character of evidence as being immaterial and irrelevant. It is true that he did not object at the time of each and every proffer of such testimony regarding fights and problems between appellant and his wife but he did offer a general objection to the admission of such testimony and was overruled by the court. Sensing the trial court's view that such character of evidence was proper, defense counsel properly concluded that constant objection to the testimony each time offered would be useless in that he would get the same result from the trial court, and would thereby accentuate by constant and repeated objections the evidence to which he was objecting. Considering all of the circumstances surrounding the proffer of this type of evidence during the trial of this cause, we conclude that appellant has preserved for review an objection to such testimony and that it was not necessary for him to continuously object to every question whose purpose was to illicit the objectionable testimony.
Second, as to Point Three, it involves the appellant's objection to the testimony of his wife concerning her difficulties with her *695 husband including his beating of her and his threats to kill her, as not being proper rebuttal testimony and on the ground that the admission of same constituted an "over kill", highly prejudicial to appellant, and which served the purpose of inflaming the jury against appellant.
It is important to note in this regard that the state did not elect to use the wife as a witness on direct but withheld her testimony until the final stage of the trial. We recognize the principle that the trial judge may in the exercise of sound discretion allow proper rebuttal evidence, even if it appears to be cumulative. Williamson v. State, 92 Fla. 980, 111 So. 124 (1926). But in this case the testimony of the wife on rebuttal as to the problems that she had with appellant was not proper to rebut the appellant's character for violence, inasmuch as he had never put his good character or reputation for nonviolence into evidence. The alleged purpose for the state's introduction of this testimony of the wife by way of rebuttal was to show that he had been drinking on the night before the incident in question and to show that he regularly had problems with his wife. These facts were not denied by the defendant in the presentation of his case, and thus this testimony of the wife could not be considered as proper rebuttal testimony. Our review of the record fails to disclose that the defendant put his character or reputation for nonviolence into evidence, either by his own testimony or that of any witness in his behalf.
It is our view that the purpose and effect of this testimony by way of rebuttal was to poison the minds of the jury against the appellant, as a "last shot", so to speak. This court has held in Reyes v. State, 253 So.2d 907 (Fla. 1st DCA 1971), that this sort of tactic on the part of the state serves to spotlight unrelated past activities on the part of the appellant as a last impression, making it difficult to envision how the jury could possibly not have been influenced by such inadmissible evidence. We agree that this observation of our former Brother Rawls in Reyes is particularly applicable to the facts in this case. As Judge Rawls aptly observed "a citizen accused of committing a crime, no matter how heinous or reprehensible it may be in the eyes of society, is entitled to be informed as to the nature of the charge against him and afforded the opportunity to prepare his defense prior to being put to trial." Such was not done in the instant cause for in our view the trial, by the admission of this testimony of the wife, focused on the character and propensity of appellant to engage in criminal activities which had not previously been an issue in the case.
We therefore find it our duty to reverse. We do so and remand the cause for new trial.
MILLS, Acting C.J., and ERVIN, J., concur.