MITCHELL, HENRY CLAY, Jr., Associate Judge.
Appellant, Arnold Flicker, takes this appeal for review of his conviction for first degree murder for which he was sentenced to life.
Flicker and six others including his wife and his son, David, were charged with first degree murder of Vivian Oyler. Prior to trial herein, Flicker’s wife was discharged while his son, David, in exchange for State’s evidence was sentenced and served less than a year. Defendant, Simmons, pled guilty and was sentenced to life, while the three remaining defendants, Magnani, Geaslin and Brown went to trial and were individually convicted. The State’s theory of the case was that the Appellant, Flicker, had paid or otherwise procured four actual perpetrators of the crime to kill Mrs. Oyler.
At the trial, it was not disputed that Mrs. Oyler had been murdered. It was not disputed that Magnani and Simmons, together with Geaslin and Brown had actually and brutally beaten Mrs. Oyler to death. The only dispute was whether the Appellant, Flicker, had procured these four men to kill her.
The State’s final witnesses were Magnani and Simmons, two of the four men who actually perpetrated the murder of the victim. These two witnesses presented the only direct testimony or evidence linking the Appellant, Flicker, to the homicide. Both testified they had been convicted of first degree murder and sentenced to life imprisonment. Both also testified that in exchange for their testimony against the Appellant, Flicker, the State had agreed to recommend to the Governor that their sentence be commuted to second degree mur *1142 der and that thereafter they would be released on parole. Both then went on to describe how the four perpetrators planned and executed the murder of Mrs. Oyler and claimed that they did it in exchange for $2,500.00 from the Appellant, Flicker. During the direct examination of Magnani, the State asked Magnani to relate a conversation he had with another one of the actual killers, Michael Brown. The defense objected on the ground that any such conversation would be hearsay. In the course of overruling the Appellant’s objection to this hearsay, the trial court made the following statement:
“Yes, sir. I think that line of questioning is now about to take place. There will be a continuing objection by the defendant, and the court will rule that sufficient evidence has been established to create a conspiracy between the defendant and the witness.”
Immediately, the attorney for the Appellant, challenged the reference to conspiracy and moved for a mistrial. The trial court gave a curative instruction to the jury not to consider his reference to a conspiracy. Thereafter, the attorney for the Appellant again renewed his motion for a mistrial which was denied.
We are confronted with the question of whether the remark by the trial court regarding the existence of a conspiracy was an improper prejudicial comment requiring reversal.
We agree with the Appellant that the above remark of the trial court was prejudicial and deprived the Appellant of his right to a fair trial and we reverse.
The trial judge should avoid making directly to or within the hearing of the jury any remark which is capable directly or indirectly, expressly, inferentially or by innuendo of conveying any intimation as to what view the judge takes of the case or as to what opinion the judge holds as to the weight, character or credibility of any evidence adduced. Raulerson v. State, 102 So.2d 281 (Fla.1958) and Parise v. State 320 So.2d 444 (Fla. 3d DCA 1975).
In the instant case, the objectionable comment to the jury was:
“And the court will rule that sufficient evidence has been established to create a conspiracy between defendant and the witness.”
In Parise, supra, the objectionable comment constituting reversible error was:
“However, the court has ruled that a conspiracy has been proven.”
In Raulerson, supra, the objectionable comment constituting reversible error was:
“[Tjhese people have been shown to be all acting in a conspiracy together.”
The State contends that the curative instruction given by the trial judge to the jury removed any prejudicial effect from the minds of the jurors and the said comment should now be held harmless. We find that the prejudicial effect of the remark by the judge was not cured by his instruction.
Because of the trial judge’s position in the courtroom, the jury hangs on his every word and is most attentive to any indication of his view of the proceedings. Therefore, we cannot escape the conclusion that the statement from the bench, in the course of the murder trial, that sufficient evidence has been established to create a conspiracy between the Appellant and the witness, an alleged accomplice, was prejudicial to the Appellant and deprived him of his right to a fair trial. Having reached this conclusion, we find it unnecessary to determine the other issues raised on appeal.
Accordingly, the conviction and sentence are reversed and the case remanded for a new trial.
MILLS and ROBERT P. SMITH, Jr., JJ., concur (Associate Judges, sitting by assignment pursuant to Supreme Court Administrative Order filed July 17, 1979).