388 So.2d 35 (1980)
Caler JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-228/T4-53.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
*36 Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, G.K., Associate Judge.
This is an appeal from a conviction of larceny of a motor vehicle. The defendant contends that the trial judge erred in interrupting the defendant's testimony concerning his defense to the charge and prohibiting its consideration by the jury. Defendant was arrested when he appropriated an automobile which the Orlando Police Department had requested be left on Interstate 4. Surveillance was set up by the police to watch the vehicle and the defendant was apprehended after he pulled up to the vehicle with a truck and pushed it off the interstate into his gas station.
During trial the defendant attempted to establish his defense by stating that an unknown man came by his gas station and told him that his car had broken down on Interstate 4 in front of the Court of Flags and to go down and get it and fix it. The trial judge interrupted the defendant and asked who the person was and what he looked like. Thereafter the judge stated, "Mr. Prosecutor, are you going to object on the grounds of hearsay?" After the prosecution objected, the judge sustained the objection, stating in front of the jury "you cannot have incompetent evidence before the jury and that is the rankest form of hearsay that there is."
The trial court's interruption of the defendant's testimony without an objection having first been made by the prosecutor was error. Often one side will allow the opposition to introduce inadmissible testimony so as to attack it on cross-examination. A trial judge may interrogate a witness to clarify an issue. Andrews v. State, 172 So.2d 505 (Fla. 1st DCA 1965).
The trial judge should avoid making any remark directly to, or within the hearing of the jury, which conveys any intimation as to what view the judge takes of the case, or as to what opinion the judge holds as to the weight, character or credibility of the testimony. Flicker v. State, 374 So.2d 1141 (Fla. 5th DCA 1979); Raulerson v. State, 102 So.2d 281 (Fla. 1958); Parise v. State, 320 So.2d 444 (Fla. 3d DCA 1975). In this case, the judge conveyed his disbelief of the defendant's defense directly and clearly by his interruption of the testimony and his characterization of it as "the rankest form of hearsay that there is". It was clearly prejudicial to the appellant. Thereafter the jury could not properly weigh the defense testimony.
Accordingly, the conviction and sentence are REVERSED and the case REMANDED for a new trial.
REVERSED AND REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.