BERANEK, Judge.
Defendant appeals his conviction and sentence for attempted sexual battery. We affirm. Defendant asserts the court erred in denying admission into evidence of testimony regarding the victim’s past sexual conduct. We conclude that the testimony was properly excluded under the rationale of Hodges v. State, 386 So.2d 888 (Fla. 1st DCA 1980), wherein the court stated in relevant part:
[T]he evidence must be of such a nature as to give rise to a reasonable assumption that because the victim engaged in a certain disclosed pattern of conduct or behavior, the victim probably consented to the same with the accused.
The testimony here showed only that the victim had been previously raped and previously had illegitimate children. This did not meet the requirements of Section 794.-022(2), Florida Statutes (1979).
*1048 Defendant also contends error occurred in the State’s closing argument. The prosecutor, with obvious reference to defendant, said: “Animals belong in cages.” In response, defense counsel stated, “I object.” No grounds, argument or explanation were stated, and the trial court never ruled. There was no motion for mistrial nor request for any curative instruction. The argument of the State Attorney was improper, but defense counsel was also remiss in failing to properly object and in failing to make the slightest attempt at securing a ruling. Under the circumstances, we conclude State v. Cumbie, 380 So.2d 1031 (Fla.1980); and Mead v. State, 381 So.2d 743 (Fla. 3d DCA 1980), require an affirmance of this point. See LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA 1978).
Defendant’s last argument is that the court erred in denying his requested jury instruction on absence of flight when the police arrived. We find no error in this regard and the judgment below ,is thus affirmed.
AFFIRMED.
HERSEY and HURLEY, JJ., concur.