PER CURIAM.
The persistence of the trial court’s efforts to obtain a guilty plea from defendant Driessen raises questions concerning the court’s impartiality during the jury trial, conducted after Driessen rejected the offered plea. The court’s statement that “either he pleads to the terms that I gave or he goes to trial” (emphasis added) was not in itself unduly coercive, but when considered in light of subsequent events, reflected the court’s bias.
After defendant’s counsel concluded his questioning of Mrs. Melvin, Driessen’s mother, the court left little doubt that it considered her testimony unworthy of belief. Mrs. Melvin testified that she owned some of the jewelry claimed by the victim of the theft. The court then inquired of Mrs. Melvin:
THE COURT: Mrs. Melvin, do you ordinarily stash your jewelry in a little change purse under the bed with your son, is that where you ordinarily store your jewelry?
THE WITNESS: No, Your Honor, I don’t.
THE COURT: Thank you.
THE WITNESS: But my son used my jewelry. He uses the chains and whatever out of the room. He even uses my husbands [sic] bracelet. He uses the jewelry from the house.
THE COURT: So you’re telling us ordinarily he stores jewelry when he is playing under the bed and he got the jewelry next to him?
THE WITNESS: Your Honor, if you want me to truthfully answer, yes, Daryl does that. He puts his money under there.
THE COURT: He ordinarily spends time under the bed with possessions next to him under the bed?
THE WITNESS: No, this was under his mattress, Your Honor. He usually puts his stuff really and truthfully he puts things under his mattress because his little brothers will mess with his stuff so he puts it there to keep them from bothering with it.
THE COURT: Thank you, ma’am.
The court denied defense counsel’s motion for mistrial.
When the jury returned its verdict finding nineteen-year-old defendant Driessen guilty of burglary and petit theft, the court imposed the maximum consecutive sentences permitted by law: fifteen years’ imprisonment followed by sixty days’ incarceration. It is unlikely that these sentences were the subject of the rejected plea negotiations, and they appear to us to include additional punishment for Driessen’s exercise of his right to trial.
*694 In light of these circumstances, we conclude that the trial judge’s demeanor conveyed the impression that he was not impartial and deprived Driessen of a fair trial. Williams v. State, 143 So.2d 484 (Fla.1962); James v. State, 388 So.2d 35 (Fla. 5th DCA 1980); State v. Steele, 348 So.2d 398 (Fla. 3d DCA 1977); Parise v. State, 320 So.2d 444 (Fla. 3d DCA 1975); Rockett v. State, 262 So.2d 242 (Fla. 2d DCA 1972); see Crosby v. State, 97 So.2d 181 (Fla.1957); State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939).
We also find error in the admission of hearsay testimony by a prosecution witness concerning a bystander’s identification of Driessen. Cox v. State, 394 So.2d 237 (Fla. 1st DCA 1981).
We find no error in the court’s denial of the motion to suppress.
For these reasons, we reverse the convictions and sentences and remand for a new trial.