436 So.2d 962 (1983)
Donnie BULLARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-777.
District Court of Appeal of Florida, Third District.
July 26, 1983.
Rehearing Denied September 21, 1983.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender and Paula J. Rhoads, Legal Intern, for appellant.
Jim Smith, Atty. Gen. and Marti Rothenberg, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Grossly improper prosecutorial comments and conduct alleged to have tainted Bullard's trial for aggravated assault and armed robbery are the subjects of this appeal. Although the trial was replete with improper comments and conduct by the prosecutor, defense counsel's failure to preserve the record for appellate review precludes reversal on all but one ground. This fatal error occurred when the court permitted the state to present a "golden rule" argument during closing remarks. Barnes v. State, 58 So.2d 157 (Fla. 1952); Peterson v. State, 376 So.2d 1230 *963 (Fla. 4th DCA 1979); Lucas v. State, 335 So.2d 566 (Fla. 1st DCA 1976). See Wheeler v. State, 425 So.2d 109 (Fla. 1st DCA 1982).
In response to the defense of misidentification, the prosecutor urged:
They talk I.D. problem, ladies and gentlemen, ... Imagine yourselves as coming out of a club, imagine some individual coming up to you, pointing a gun in your face like this, tell me what you see, give me your money, give me watches, give me everything you got 
MS. KOONCE: Objection 
MR. DAVIS: What did you see when he's taking off 
MS. KOONCE: Objection.
THE COURT: Grounds?
MS. KOONCE: I think the Prosecutor is becoming a bit over the closing argument.
THE COURT: Overruled.
MR. DAVIS: You see yellow, you see a nickel plated gun pointed at your face and all you can say is take it easy. You're not interested in wallets, you're not interested in the hat and guitar, you're interested in your life because that's the most important thing to you right then and there.
By advancing a "golden rule" argument, that is, asking the jurors to place themselves in the victim's position, the prosecutor violated defendant Bullard's right to a fair trial by impartial jurors. See Lucas. We find that this issue has been preserved for appellate review under the "contemporaneous objection rule" set forth in Clark v. State, 363 So.2d 331 (Fla. 1978). The record reflects that defense counsel made a timely objection to the improper remarks and that the trial judge immediately overruled the objection. In Simpson v. State, 418 So.2d 984, 986 (Fla. 1982), the court observed:
[W]here clearly a timely objection to the improper comment was made by defense counsel, and where the judge unequivocally and without hesitation overruled the objections, the issue of the admission of such testimony and comments before the jury is properly preserved for appeal.
Bullard asserts as error several other instances of prosecutorial misconduct; as we noted earlier, none of these comments or actions warrants reversal because defense counsel failed to preserve the improprieties for appellate review. For example, during another portion of closing argument, the prosecutor improperly stated:
From that stand Manuel Guarch and Rolando Vasquez identified this creature, this thing, this person who deprived these people of their rights... .
.....
This man has lied before and he lies to you today. He's been convicted nine times,[[1]] that's too many, once was too many. Surely we have pardoned him enough.[[2]] There is no room for sympathy, there is no room for mercy, there's only room for finding this man guilty of the crime as charged.
Although these comments impermissibly placed Bullard's character in issue, see, e.g., Lewis v. State, 377 So.2d 640 (Fla. 1979); Albright v. State, 378 So.2d 1234 (Fla. 2d DCA 1979); Donaldson v. State, 369 So.2d 691 (Fla. 1st DCA 1979), defense counsel offered no objection.
As to the prosecutor's specific acts of misconduct, defense counsel reminded the jury during closing argument, without contradiction by the state, that the prosecutor had "gone to great extent to put on the shirt, to point the gun at you, to point the gun around the courtroom... ." However, the record fails to reflect the specific gestures at the precise time they occurred. Furthermore, neither objection by defense counsel nor motion for mistrial or curative *964 instruction appears on the record with regard to this conduct.
No public interest is served when the state seeks to obtain a conviction by injecting reversible error into a trial when it knows or should know that the error may later require reversal. See DeFoor, If Oratory Comes, Can Reversal Be Far Behind?, 57 Fla.Bar.J. 505 (1983). The reality of the situation is that the public is subjected to the additional expense of retrying cases when one trial should be adequate, if conducted properly.
Defense counsel did object to the admission of hearsay in the form of statements of an absent witness presented to the jury through the testimony of a police officer. That testimony was inadmissible. Driessen v. State, 431 So.2d 692 (Fla. 3d DCA 1983); Cox v. State, 394 So.2d 237 (Fla. 1st DCA 1981). Although the trial court erred in admitting the testimony, the error must be deemed harmless in light of the three eyewitness identifications presented to the jury.
For these reasons we hold that the record supports reversal based on the prosecutor's improper "golden rule" argument. We reverse solely on that ground.
Reversed and remanded for a new trial.
FERGUSON, Judge (concurring).
Whether the errors complained of were preserved for review by timely and informative objection is not, in my opinion, a crucial issue. The prosecution of the case was, in totality, so grossly improper as to render the trial fundamentally unfair. On the record before us reversal would have been required even if defense counsel had failed to interpose a single objection.
NOTES
[1] Defense counsel entered into a stipulation with the state that the jury could consider the fact that the defendant had nine previous convictions. Bullard later testified, however, that he had been convicted on only five prior occasions. The jury was told he had nine convictions, without objection.
[2] It is not clear how nine convictions can be equated with pardons.