577 So.2d 625 (1991)
Ullyses Scott GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2063.
District Court of Appeal of Florida, First District.
March 26, 1991.
Rehearing Denied May 1, 1991.
*626 Henry R. Barksdale, Milton, for appellant.
Robert A. Butterworth, Atty. Gen., William A. Hatch, Asst. Atty. Gen., for appellee.
WENTWORTH, Senior Judge.
This is an appeal from a judgment of conviction for sexual battery on a person less than twelve years of age. We affirm, finding no abuse of discretion by the trial court in allowing the prosecution to offer in rebuttal the testimony of another child as to sexual assault by the appellant.
The victim, A.S., is the appellant's step-grandson (the grandson of appellant's wife who was previously married). At trial, A.S., his mother, his mental health counselor and a clinical psychologist testified for the state as to the charged offenses between 1969 and 1978 beginning when A.S. was age three. Two of appellant's grandchildren, appellant's son and daughter, and the appellant himself testified for the defense. After the state rested, the prosecution called in rebuttal a nine-year-old step-granddaughter who testified to molestation by appellant when she was five.
A.S. testified on direct examination that his grandfather had him place his mouth on the appellant's penis on one occasion, and on numerous occasions the appellant would place his mouth upon A.S.'s penis. These acts took place in a workshop behind appellant's house, also referred to as the shed, and in the house and a van and wooded area. At the time of trial, A.S. was 23 years old. The incidents of sexual battery occurred between January 1969 and January 1978, when he was between the ages of 3 and 12.
C.W., the rebuttal witness in question here, testified that when she was five appellant touched her "privates" with his tongue in the shop behind the appellant's house. Although the victims were not the same sex and the batteries occurred ten years apart, the incidents described by both children involved the appellant's oral contact with sexual organs of his young grandchildren in his workshop. A.S. was three when the abuse began; C.W. was five. Because the two victims shared in common a closely comparable age, the same relationship with the abuser, abuse involving primarily the appellant's oral contact with the genitals of the grandchildren, and because the incidents occurred in the *627 workshop on most occasions, the collateral crime evidence falls within the specified standards of Heuring v. State, 513 So.2d 122 (Fla. 1987), for general admissibility of such evidence.
We find no abuse of discretion in the trial judge's conclusion that the testimony in question was proper rebuttal in this case. Defense witnesses testified to a pattern of family activity which, on the occasions of children's presence in defendant's home, placed defendant working in his shop alone.[1] The point was emphasized by the direct denial by two of appellant's natural grandchildren and one daughter that they ever saw defendant alone with the victim. The testimony of C.W. as to defendant's conduct with her alone in the shop was then properly offered in rebuttal, as to which broad discretion is well established. Pitts v. State, 473 So.2d 1370 (Fla. 1st DCA 1985), rev. den., 484 So.2d 10 (Fla. 1986). We find no error in the court's overruling defense objection which was based on the ground that her testimony was not directed toward testimony of defense witnesses (who had not referred to C.W. except to identify her relationship to defendant, on cross-examination).
The substance of C.W.'s testimony, in the context of this case, is well within the guidelines established by Heuring, supra. Contrary to appellant's assertion, C.W.'s testimony did not become a feature of the trial nor was it even a focus of the prosecution's closing arguments. The appellant has not demonstrated that her testimony was unfairly prejudicial. The appellant's defense was that his grandson was fabricating allegations, and the appellant obtained testimony, in his own behalf, of two of his grandchildren who stated that they never saw A.S. and the appellant alone. This appears to be an example of the situation contemplated in Heuring: the use of similar fact evidence to corroborate a child victim's testimony, the credibility of which is the central issue at trial.
Appellant cites Reyes v. State, 253 So.2d 907 (Fla. 1st DCA 1971), which is distinguishable. In that case, this court reversed judgments of conviction for possession and sale of illegal drugs because the prosecution introduced, following the defendant's case, extensive evidence concerning prior illegal drug activity. It was noted that "[t]he feature of the trial quickly faded into the spotlight of a sideshow focusing on the character, general reputation and propensity of defendant Reyes to engage in criminal activities." 253 So.2d at 907. This court held that the "key" word in Williams v. State, 110 So.2d 654 (Fla. 1959), is "relevant," and in Reyes, relevancy of the collateral crimes was "absent." Id. at 908. In Heuring, the supreme court held that evidence of collateral crimes involving sexual abuse within the familial context would be relevant to corroborate a victim's testimony when the credibility of a victim is the central issue in such a trial.
The state's preceding objection to defense inquiry during testimony by defendant's natural grandson, as to whether defendant had molested him, was properly granted. See Buford v. State, 403 So.2d 943, 949 (Fla. 1981), holding that specific instances of behavior are not admissible even to establish reputation or character. By that objection the state cannot reasonably be said to have foreclosed use of another witness to negate other defense testimony. There is no contention by appellant here as to lack of notice or unfair surprise by C.W.'s testimony. We find no impropriety in the state's decision to use this child witness only when it became necessary to rebut details of the fabrication defense, which included, in addition to the witnesses already referenced, appellant's attempts to claim a vindictive motive for the victim's testimony.
Affirmed.
JOANOS, J., concurs.
SMITH, J., dissents with written opinion.
*628 SMITH, Judge, dissenting.
The issue here is whether the trial court abused its discretion in allowing the prosecution to present, as rebuttal evidence, testimony of another child who claimed to have been sexually battered by the appellant. Under the circumstances presented in this case, I would find there was an abuse of discretion, and would reverse.
The pertinent facts are stated in the majority opinion, but they bear repeating to more clearly focus on the point at issue. The defense called two of appellant's natural grandchildren, and one of his daughters, all of whom testified that the appellant and the complaining witness were never seen alone together. The first defense witness, a grandson, was asked on direct whether his grandfather had ever attempted to sexually molest him. The state objected to this question, and the court sustained the objection. After the defense rested, the prosecution, over a defense objection, called the appellant's nine year old step-granddaughter, who testified that she knew appellant as "Papa," and that four years previously the appellant had committed an act of sexual battery on her in the shed. The defense had objected to this witness testifying on the ground that her testimony would not rebut any defense witness and should have been used in the case-in-chief. The prosecution argued that it believed the testimony was admissible under Heuring v. State, 513 So.2d 122 (Fla. 1987), and Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), rev. den., 392 So.2d 1373 (Fla. 1981).[2] The trial court agreed that the testimony would be admissible under Heuring.
While the testimony offered in rebuttal, assuming the proper predicate, may well have been admissible under Heuring in the prosecution's case-in-chief, it was not proper rebuttal testimony here and was highly prejudicial. A trial court does have broad discretion over the admission of rebuttal evidence. Pitts v. State, 473 So.2d 1370 (Fla. 1st DCA 1985), rev. den., 484 So.2d 10 (Fla. 1986). Nevertheless, in the posture of this case, I would find that the admission of the rebuttal testimony constituted an abuse of that discretion.
It is true that appellant's defense was to attack the credibility of the complaining witness; but the credibility of witnesses is always an issue at trial. See Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989). Appellant's testimony that he did not commit the offense charged and that the complaining witness was lying did not justify the use of evidence in rebuttal which neither explained nor contradicted the defendant's case. See Kirkland v. State, 86 Fla. 64, 97 So. 502 (1923) and Dornau v. State, 306 So.2d 167 (Fla. 2d DCA 1974), cert. den., 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975). The evidence of a collateral offense did not contradict, as a matter of fact, appellant's testimony that he did not commit a sexual battery upon the complaining witness. No mention was made of the step-granddaughter in the state's case-in-chief; and no mention was made of the step-granddaughter in the defendant's case other than an answer on cross-examination of appellant by the state identifying the child as his step-granddaughter.
I would note that the court in Britton v. State, 414 So.2d 638 (Fla. 5th DCA 1982), while acknowledging the rule of law that rebuttal evidence explains or contradicts material evidence offered by a defendant, nevertheless held that the admission of testimony given by a state witness in rebuttal that did not explain or contradict evidence given by the defense was not error. In so holding, the court stated that the presentation of evidence is largely a function of the trial court's discretion, which is broad enough to allow the state to introduce evidence after the defense has rested which is not strictly rebuttal on the authority. Williamson v. State, 92 Fla. 980, 111 So. 124 *629 (1926), and Davis v. State, 44 Fla. 32, 32 So. 822 (1902). The Williamson court, in finding no error in the introduction of evidence by the State after the defense rested, although the evidence did not rebut evidence brought out by the defendant, quoted the following with approval:
The proper rule for the exercise of [the trial court's discretion over rebuttal evidence] is, that material testimony should not be excluded because offered by the plaintiff after the defendant has rested, although not in rebuttal, unless it has been kept by a trick, and for the purpose of deceiving the defendant and affecting his case injuriously.
111 So. at 126-7 (quoting Thompson on Trials, § 346; emphasis added).
Similarly, the reviewing court in Davis, supra, held that the trial court did not abuse its discretion when it allowed a prosecution witness to testify in a homicide case, after the defense had rested, that the defendant had made threats against the deceased before the homicide occurred. Like the testimony in question in Williamson, the rebuttal testimony in Davis was material. Given this cited authority, I would construe Britton to mean that the admission of material evidence in rebuttal, which does not explain or contradict a defendant's evidence, is not necessarily error. Whether or not the admission of rebuttal evidence is an abuse of discretion depends, therefore, upon the nature of the evidence considered in the context of the entire trial.
The rebuttal testimony in the instant case was not in response to any issues raised by the defendant's evidence,[3] but was used instead, as the prosecution's reference to Heuring and Cotita shows, for the purpose of corroborating the testimony of the complaining witness by showing appellant used a similar modus operandi or by showing a pattern of criminality. No justification whatever is shown for the state's failure to offer this evidence in its case-in-chief. Although the majority asserts that the testimony was properly admitted to rebut the defense claim that appellant was not seen alone with the complaining witness, a close reading of the statements by the prosecutor, and the trial court, show that this was not the purpose for which it was admitted (see footnote 2). As a matter of fact, the evidence did not tend to disprove the defense evidence that appellant and the complaining witness were not seen alone together; but even if properly offered for this purpose, it went far beyond what would have been reasonable rebuttal by introducing for the first time in the trial evidence of a collateral sexual assault on another child. The conclusion is inescapable that the evidence was intended to, and did, focus on the appellant's propensity to commit sexual battery on children within the familial group, and should have been admitted, if at all, during the state's case-in-chief.
I would not consider the admission of the evidence as harmless inasmuch as the child's testimony, because of its content, and because the testimony had the effect of delivering a parting blow to the defense just as the jury was about to begin its deliberations, is unquestionably prejudicial. Significantly, the state withheld this evidence from its case-in-chief, and then successfully objected to appellant's attempt through his witnesses to establish that other children within the familial relationship were not molested. It seems inescapable that if this "rebuttal" testimony had been admitted in the state's case-in-chief, then the appellant's countervailing evidence would likewise have been relevant, and its exclusion would have been error. I can find no justification in this case for the *630 admission of evidence of this nature when proffered by the state, and the exclusion of contradictory evidence when offered by the defendant. See Moreno v. State, 418 So.2d 1223 (Fla. 3d DCA 1982).
This case demonstrates, in my view, a misuse of the expanded scope of admissibility of other crime evidence approved in Heuring. I am of the view that appellant has shown an abuse of discretion by the trial court; and in the final analysis, I am unable to say that the error did not have an impact on the jury's finding of guilt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). I would therefore reverse and remand for a new trial.
NOTES
[1] Did your grandfather watch you when he was at the house or did you just  were you there on your own?
A: Most of the time he was out there working.
Q: Where was he working?
A: Out there where the shed is.
Q: Okay. And did you ever see A.S. and your grandfather alone together?
A: No, sir.
[2] In Heuring, the supreme court held that evidence of a prior sexual battery within a familial context is relevant to corroborate a complaining witness' testimony. In Cotita, this court held that evidence of prior illicit sexual contact with the complaining witness and other neighborhood children was admissible as relevant to the defendant's alibi defense and to establishing a pattern of criminality.
[3] The trial judge, in overruling appellant's objection to the use of the step-granddaughter's testimony as rebuttal, stated that it "might be relevant to overcome the assertion [by appellant] of a fabrication [by the complaining witness]." The trial judge later explained, in response to further objections, that the evidence was relevant "in the light of the testimony and defense" presented by appellant, and that the state is "not required to anticipate such defense of [sic] matters until the defense is actually presented." We observe that the appellant's plea of not guilty placed in issue the truth of all charges made by the state, and it is inconceivable that the state was not on notice that the appellant would refute the testimony of the sole eye witness to the alleged offenses.