PER CURIAM.
Danny Evans appeals his convictions of first degree murder, attempted armed robbery, armed burglary, armed robbery, grand theft, and display of a firearm during the commission of a felony. We affirm.
The charges of which Evans was convicted stem from an attempted armed robbery. Evans and four accomplices were travelling in a stolen car, searching for victims to rob, when one of the accomplices noticed a blue Camaro that was parked in a lot in front of a restaurant. The stolen car pulled behind the Camaro and blocked it in. Evans and code-fendant, James Richardson, exited their vehicle, each holding a pistol. Apparently, the driver of the Camaro panicked and attempted to back out and drive away. Evans and Richardson thereupon opened fire on the driver who died as a result of the gunshot wounds. Evans was subsequently arrested.
Identification of Evans as a participant in this criminal episode was a hotly contested issue during the proceedings below. As part of its case-in-chief, the state introduced a latent fingerprint of Evans which had been lifted from the passenger window of the Ca- *97 maro. During closing argument, defense counsel argued that the latent fingerprint had been out of the fingerprint technician’s possession for one year when it was finally compared to standard fingerprints taken from Evans on August 10, 1992, just prior to trial.
The state objected to defense counsel’s closing argument regarding the alleged delay in comparing the latent fingerprint to the standards. The state contended that this comment misled the jury because, as defense counsel well knew, the latent print had been compared on August 22, 1991 to another standard card from Evans’ prior convictions. There was no yearlong delay for the fingerprint comparisons.
Because the misleading comment was made during Evans’ second closing argument, the state had no means by which to remedy the jury’s mistaken impression. In order to cure any confusion on the part of the jury, the trial court announced that the state was in possession of a standard fingerprint card of Evans when the first comparison was made on August 22, 1991 that was the same as the standard card used for the comparison on August 10, 1992. Evans argues that the trial court erred in making this clarification to the jury.
Judges generally should refrain from commenting on the evidence due to the great weight juries give to such comments. Raulerson v. State, 102 So.2d 281 (Fla.1958); see also, Parise v. State, 320 So.2d 444 (Fla. 3d DCA 1975). However, the trial court’s comment must be considered in the context in which it was made. Quintana v. State, 452 So.2d 98, 101 n. 2 (Fla. 1st DCA 1984). In this case, the court’s comment was induced by defense counsel, and was not error. Cf. Whitfield v. State, 479 So.2d 208 (Fla. 4th DCA 1985) (trial court’s comment to jury that defendant’s taperecorded confession was freely and voluntarily made was arguably induced by defense counsel). Here, the judge was merely attempting to cure any mistaken impression in the minds of the jury caused by defense counsel’s closing argument. Moreover, even assuming the remark was an impermissible comment on the evidence, Evans has failed to demonstrate that it constitutes harmful error. See Woodside v. State, 206 So.2d 426, 429 (Fla. 3d DCA) (harmless error analysis applies to claims that trial court improperly commented on evidence), cert. denied, 212 So.2d 880 (Fla.1968), cert. denied, 393 U.S. 1035, 89 S.Ct. 652, 21 L.Ed.2d 579 (1969).
We find no merit in Evans’ remaining points on appeal. Therefore, the trial court’s judgment of conviction is affirmed.