WINSOR, J.
Gregory Williams appeals his first-degree murder conviction and his resulting life sentence. He raises only one issue on appeal, claiming the State’s closing argument deprived him of a fair trial. More specifically, he argues that the State’s argument comparing him and his codefen-dants to “a pack of wolves” crossed the line and resulted in fundamental error. We reject this claim.
I.
In March 2013, emergency workers responded to an apartment fire and found an unconscious woman on the floor. The woman had severe burns and also suffered “obvious blunt force trauma to her head.” She was pronounced dead at the scene.
An investigation led police to Williams. Williams admitted his involvement, but he told police that his friend forced him to go to the victim’s apartment and help with the killing. Williams explained that once at the apartment, he put the victim in a choke-hold, and he and the friend wrestled the victim to the ground. Williams said he, the friend, and a third person then began beating the victim with a hammer, a pipe, and a crowbar. Then, Williams said, the friend lit the victim’s bed on fire.
The jury convicted Williams of first-degree murder but acquitted him of arson. It did so after hearing the following argument during the State’s closing, which Williams argues deprived him of a fair trial:
Anthony Pressley, Kiesha Pugh, [and] Gregory Williams[*] all went to [the victim’s] apartment like a pack of wolves. And when [the victim] opened the door and let them inside her home, this defendant, Gregory Williams, pounced on her like prey. He grabbed her in a chokehold when she turned her back, and as she said, why are y’all doing this to me, she was wrestled to the ground, she was beaten repeatedly, and she was murdered viciously. And then her home was set on fire as the three of them scurried off into the night unaware that they were on video surveillance.
This is the entirety of the comment that Williams claims warrants a new trial. He identifies no other part of the closing argument that he considers improper, and he identifies no other asserted error below.
II.
“It is clearly improper for the prosecutor to engage in vituperative or pejorative characterizations of a defendant or witness.” Gore v. State, 719 So.2d 1197, *1125 1201 (Fla. 1998). Accordingly, courts have frequently found arguments referring to defendants as animals to be improper. See, e.g., Carroll v. State, 815 So.2d 601, 622 (Fla. 2002) (finding it improper to refer to defendant as a “creature that stalked the night”); Bullard v. State, 436 So.2d 962, 963 (Fla. 3d DCA 1983) (finding it improper to refer to defendant as “this creature, this thing”); Blunt v. State, 397 So.2d 1047, 1048 (Fla. 4th DCA 1981) (finding it improper to refer to defendant and state that “[a]nimals belong in cages”); cf. also Fabregas v. State, 829 So.2d 238, 241 (Fla. 3d DCA 2002) (suggesting that it was improper to refer to defendant’s experts as a “wolving pack of wolves what attack cases as a team [sic]”).
But it is not enough for Williams to argue the comments were improper. He did not object below, meaning his burden now is to show the comments rose to the level of fundamental error. Salazar v. State, 188 So.3d 799, 821 (Fla. 2016). As courts regularly note, “[fjundamental error is error that ‘reaches down into the validity of the trial itself to the extent that a verdict of guilty ... could not have been obtained without the assistance of the alleged error.’ ” Id. at 822 (quoting Card v. State, 803 So.2d 613, 622 (Fla. 2001)). In some instances, a prosecutor’s argument can be so prejudicial that a court will find fundamental error and award a new trial. See Reynolds v. State, 580 So.2d 254, 256 (Fla. 1st DCA 1991) (concluding that “prosecutor’s racial comments, which focused on the crucial issue of consent and improperly injected the issue of race into the prosecution, were so egregious and so pervasive” that they resulted in fundamental error); Peterson v. State, 376 So.2d 1230, 1231 (Fla. 4th DCA 1979) (holding that “prosecutor’s final argument to the jury was so thoroughly and pervasively improper that it” resulted in fundamental error). But a single, isolated reference to a “pack of wolves” is not enough to meet this daunting standard. Cf. Salazar, 188 So.3d at 822 (“[W]hen considered against the weight of all the other evidence presented, the comments ‘ “did not go to the heart of the case” [and] were not critical to the jury’s verdict.’”); cf. also Carroll, 815 So.2d at 622 (“[T]he prosecutor’s isolated comments were not as egregious or cumulative in scope as in cases where this Court has found fundamental error.”). Williams’s judgment and sentence are therefore AFFIRMED.
RAY and MAKAR, JJ., CONCUR.

 Anthony Pressley was the friend to whom Williams referred in his confession. Kiesha Pugh was the third person Williams’s confession implicated.