# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-1990
_____

JASON DON THOMPSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

February 9, 2018

PER CURIAM.

Jason Thompson was convicted of lewd and lascivious molestation of a child under twelve. At trial, the State presented evidence that Thompson's daughter had an eleven-year-old friend who spent a night at Thompson's home. Thompson sneaked into the room where the victim slept, and he rubbed the victim's genital region.

On appeal, Thompson raises four issues. First, he contends the trial court erred by admitting child hearsay statements without conducting a balancing test under section 90.403, Florida Statutes (2015). He argues that although the trial court made

findings of reliability under section 90.803(23),* the court was still obligated "to conduct an analysis of whether the probative value of the statements was outweighed by the danger of presentation of repetitive and cumulative evidence under the protection afforded by section 90.403." But by admitting the evidence, the trial court necessarily rejected any argument that prejudice from cumulative evidence outweighed any probative value. The trial court did not articulate any balancing consideration, but "there is no requirement under section 90.403 that the court must make findings on the record or otherwise, to cause the record to reflect the specific reasoning applied by the court in overruling an objection that evidence is cumulative." *Reynolds v. State*, 660 So. 2d 778, 781 (Fla. 4th DCA 1995). Therefore, Thompson has not shown an abuse of discretion.

Second, Thompson argues that prosecutor's improper comment in opening, along with a misstatement of law, led to fundamental error. The prosecutor referred to Thompson as a "boogeyman," and the trial court promptly sustained an objection. Thompson did not seek a curative instruction or move for a mistrial, and the inappropriate comment was not sufficient to warrant a new trial under the fundamental-error standard. *See Carroll v. State*, 815 So. 2d 601, 622 (Fla. 2002) (prosecutor's reference to defendant as the "boogie man" and a "creature that stalked the night" was not fundamental error); *see also Williams v. State*, 213 So. 3d 1123, 1125 (Fla. 1st DCA 2017). We similarly reject Thompson's argument that the prosecutor's alleged misstatement of law led to fundamental error. *See Dicks v. State*, 75 So. 3d 857, 858-60 (Fla. 1st DCA 2011) (rejecting argument that

---

* Section 90.803(23)(a)1., Florida Statutes (2015), makes admissible statements of children describing acts of sexual abuse if "[t]he court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability." The court must make specific findings of fact regarding its ruling under that provision, *id.* § 90.803(23)(c), which the trial court did. Thompson has not challenged the trial court's findings of reliability.

2

prosecutor's misstatement of law during closing argument led to fundamental error).

Third, Thompson contends the trial court erred in allowing improper opinion testimony about Thompson's daughter's credibility. The testimony had to do with another victim's experience with Thompson, an incident that was introduced as similar-act evidence under section 90.404(2)(b), Florida Statutes (2015). We conclude the testimony was in fact not improper opinion, and we find no abuse of discretion.

Finally, Thompson argues the court committed fundamental error by failing to instruct the jury on the lesser-included offense of an unnatural and lascivious act. But as Thompson acknowledges, the offense of unnatural and lascivious act is not a necessary lesser-included offense of lewd and lascivious molestation, but a permissive one. Fla. Std. Jury Instr. (Crim) 11.10(c). A court's failure to give an instruction on a *permissive* lesser-included does not constitute fundamental error. *See Khianthalat v. State*, 974 So. 2d 359, 361 (Fla. 2008) (noting that "[u]*pon request*, a trial judge must give a jury instruction on a permissive lesser included offense if . . . two conditions are met" (emphasis provided)). Thompson did not request such an instruction, and the trial court was not obligated to give one.

AFFIRMED.

LEWIS, WETHERELL, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.